No. 19,414.

THE WASHINGTON NATIONAL BANK, *Appellee*, v. J. P. ROONEY
et al. (JOHN ROONEY, Intervener, *Appellant*).

### SYLLABUS BY THE COURT.

1. REPLEVIN—*Defective Affidavit—Subject to Amendment.* An affidavit
in replevin examined and held to be such that its defects could be
remedied by amendment after the order of delivery was issued and
executed.

2. JOINT CHATTEL MORTGAGEES—*Release by One Binding on the Other.*
A chattel mortgage in form a joint mortgage to. secure the joint debt
of two mortgagees may be released by one of them without the knowl-
edge of the other for the purpose of permitting a new mortgage, given
by the mortgagor to secure a consolidation of mortgages prior to the
joint mortgage, to retain priority; and this may be done although the
sum secured by the released mortgage was in fact made up of separate
debts due the mortgagees severally, the holder of the new mortgage
being ignorant of the several nature of the instrument.

Appeal from Washington district court; JOHN C. HOGIN,
judge. Opinion filed July 10, 1915. Affirmed.

*Edgar Bennett*, and *Charles W. Clarke*, both of Washington,
for the appelant; *D. D. Mote*, and *Edward Rooney*, both of To-
peka, of counsel.

*J. R. Hyland*, and *A. J. Freeborn*, both of Washington, for
the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one of replevin for personal
property covered by a chattel mortgage. It was brought by
the plaintiff against J. P. Rooney and Sadie Rooney, the
makers of the mortgage. John Rooney, a mortgagee, inter-
vened and claimed priority. Judgment was rendered for the
plaintiff, and the defendants appeal.

At the commencement of the action an order of delivery was
issued by virtue of which the plaintiff obtained possession of
the property in controversy. It is said that the affidavit on
which the order was based, and which the court permitted to
be amended, was a nullity. The affidavit was entitled in the
action and the opening statement, with the amendment placed
in brackets, follows:

"J. R. Hyland, being duly sworn, says that he is agent for [the said

plaintiff, The Washington National Bank, and that the said plaintiff is] the owner and entitled to the immediate possession of the following described property of the actual value, as follows, to-wit."

In the body of the affidavit it was stated that the property described was not taken on execution or order "against said plaintiff, the Washington National Bank," or for the payment of any tax, fine, or amercement assessed against it, or by virtue of any order of delivery or any other mesne or final process issued against it. A copy of the chattel mortgage was attached to the affidavit. The objection to the affidavit is that it did not state directly who was the owner of the property, nor who was entitled to possession of it.

Under the statute the chattel mortgage vested title in the bank, and the copy attached to the affidavit disclosed that ownership. The affiant stated that he was agent for the owner, so that his statements were properly referable to the bank as owner, and the body of the affidavit undertook to negative all the statutory conditions which would prevent the bank securing possession by means of an order of delivery. The petition in replevin on file disclosed the plaintiff's cause of action and claim to possession in full. Under these circumstances the affidavit was clearly amendable. (Civ. Code, § 140.)

J. P. Rooney was indebted to the plaintiff and to two other banks on obligations secured by chattel mortgages. The plaintiff arranged to take up all this indebtedness on his giving a note for $450 secured by the chattel mortgage in suit, which was done. At that time the record disclosed a chattel mortgage by J. P. Rooney and his wife in the usual form, reciting that whereas the parties of the first part were indebted to John and Edward Rooney, of the second part, in the sum of $600, to be paid according to the terms of a certain promissory note payable to John and Edward Rooney, the parties of the first part sold, assigned and set over to the parties of the second part the property described, etc. This mortgage was inferior to the mortgages which the plaintiff took up. J. P. Rooney and Edward Rooney are sons of John Rooney. The plaintiff informed Edward Rooney of its negotiations with J. P. Rooney, and asked for a release of the mortgage to Edward Rooney and his father so that the new bank mortgage would retain priority. Edward Rooney gave the release, and after the new bank mortgage was filed refiled the mortgage to

Bank v. Rooney.

himself and his father. This occurred in August, 1912. About a week later Edward Rooney told his father what had been done. His father was displeased, but made no complaint to the plaintiff. The action was commenced in February, 1913. John Rooney intervened on March 27, and filed his answer on the next day.

Besides the foregoing facts, the evidence disclosed that the joint note to John and Edward Rooney was given for separate debts having distinct origins, one owed to John Rooney for borrowed money in the sum of $440, the other owed to Edward Rooney for rent in the sum of $160. The note and chattel mortgage were taken in the form they bore to save expense. There was no evidence that the bank had knowledge or notice of the several character of these instruments. The order of delivery was executed on February 14, 1913, and the plaintiff proceeded to sell the property to satisfy its claim. John Rooney claims the release of the joint mortgage was unauthorized and void as to him and that he has a superior lien on the property to the amount of $440 and interest. The court held otherwise on a demurrer to his evidence.

The intervener cites the authorities which hold that a mortgage to secure several debts to several creditors is several, that such mortgagees are tenants in common, that one can not act for the others without express authority, and that third persons dealing with such a tenant in common must ascertain at their peril his authority to bind his coöwners. The plaintiff cites the authorities which hold that a mortgage running to two or more persons not shown to have distinct interests and securing what appears to be a single debt is a joint mortgage, that such a mortgage is indivisible, tender to one mortgagee alone is sufficient, payment to one alone satisfies the mortgage, and a release by one discharges the mortgage and bars the interest of the other. Both lines of authority are perfectly sound.

The intervener's mortgage was joint in form and not several. Third persons were entitled to deal with either mortgagee as having the authority which every joint mortgagee has of controlling the security. If the mortgage had run to Edward Rooney alone he might have released it in order to permit a consolidation of prior mortgages to retain priority although John Rooney had an interest with him to the extent of $440.

The change of the plaintiff's situation arising from the release would in such a case estop Edward Rooney and John Rooney from afterwards claiming priority. By taking the chattel mortgage in unity and not in severalty with Edward Rooney, John Rooney conferred the same authority upon his comortgagee. The plaintiff was not obliged to inquire respecting a latent severalty but could rely on the agency of each for both which the face of the instrument created.

In the brief for the intervener it is said:

"There is no question in this case of innocent parties. The record shows that the Washington National Bank knew of the prior mortgage and procured its release by Edward Rooney. The Bank, therefore, had notice of the lien claimed by John Rooney."

It will be observed that this statement does not go to the length of asserting that the bank knew how the joint mortgage was made up or that the joint mortgage really secured individual debts. No evidence is abstracted to support such a statement. The bank knew, so far as the evidence discloses, of nothing but the mortgage in the form it presented. The bank had no notice of any lien claimed by John Rooney except the joint lien of himself and Edward Rooney to secure a joint note for a joint debt. The question of innocent parties does therefore come into the case to the extent that the plaintiff could deal with either apparently joint mortgagee so long as it had no notice of their several relations.

If the intervener desired to repudiate the conduct of his comortgagee he should have acted promptly after he was informed of what had been done. He should not have stood silently by for months and then suffered the plaintiff to involve itself in a replevin suit and in an appropriation of the property to satisfy its claim, under an innocent belief in priority. Therefore ratification of the act of Edward Rooney might be inferred if necessary.

The judgment of the district court is affirmed.