No. 20,734.

THE CITIZENS NATIONAL BANK OF EUREKA, *Appellant,* v. HENRY M. WILLIAMS et al., *Appellees.*

#### SYLLABUS BY THE COURT.

MORTGAGE—*Mortgagee Trustee for Third Person—Mortgage Released by Mortgagee—Release Binds Cestui que Trust in Favor of Innocent Purchaser.* Where a mortgage is executed by the owner of land to secure a note payable to the mortgagee, and also to secure a note to another person who is not named as a mortgagee, and the condition of the mortgage is stated to be the payment to the mortgagee of the entire indebtedness secured, and the mortgagee is authorized to declare all the indebtedness due in case of a default, and to pay off any other incumbrances and add the amount to the mortgage lien, the instrument is to be construed as a mortgage to the mortgagee for his own benefit, and as a trustee for the other creditor, and a recorded release executed by such mortgagee, purporting to effect a full discharge of the mortgage, will protect a buyer, who has bought the land in reliance thereon, against the claim of the other creditor, although his note has not in fact been paid to any one.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed March 10, 1917. Affirmed.

*Howard J. Hodgson,* of Eureka, for the appellant.

*C. M. Vaughn, jr.,* of Abilene, for appellee Alexander W. Lackey.

*L. S. Ferry, T. F. Doran,* and *M. F. Cosgrove,* all of Topeka, for appellee The Beatrice Creamery Company.

The opinion of the court was delivered by

MASON, J.: On February 1, 1912, H. M. Williams, the owner of a tract of land, executed a mortgage naming the Merriam Mortgage Company as mortgagee, securing fourteen notes for $7 each payable to that company, and one note for $200 payable to Charles E. Moore. The mortgage was duly recorded. On August 28, 1914, the company endorsed upon the mortgage a

release in these words, "The amount secured by this mortgage has been paid in full, and the same is hereby cancelled," and four days later this release was transferred to the record in the office of the register of deeds. On September 18, 1914, Williams sold the land, giving a warranty deed, and by subsequent conveyances the title passed to A. W. Lackey, who executed a mortgage to the Beatrice Creamery Company. Charles E. Moore sold the $200 note to the Citizens National Bank, which brought an action to foreclose its lien for that amount on the land referred to. Lackey and the creamery company resisted the foreclosure on the ground that they were protected as innocent purchasers upon the faith of the record which showed a presumably valid release. The trial court sustained their contention and rendered judgment against the plaintiff, who appeals.

The question presented is whether the Merriam Mortgage Company had the power to execute a release which, as to purchasers who bought the land in reliance thereon, would discharge it from the lien of the Moore note. A mortgage executed to two mortgagees jointly may be discharged by either, but the rule does not apply where their interests are several, and that fact appears upon the face of the instrument. (*Bank v. Rooney,* 96 Kan. 133, 135, 150 Pac. 555.) Where the practice is recognized of creating liens by trust deeds, purporting to convey the land to a third person to secure the owner's debt to his creditor, the trustee is held to be the proper person (in the absence of a statute to the contrary) to execute the release, and his release will protect those who purchase upon the faith of it, although payment may not in fact have been made. (27 Cyc. 1417, last paragraph of note 27.) In this state an instrument in that form is treated as a mere mortgage from the debtor to the creditor, the trustee being regarded as a purely nominal party. (*Gibson v. Ledwitch,* 84 Kan. 505, 114 Pac. 851.) But it is competent for the owner of land, for the purpose of securing several debts to different creditors, to mortgage it to a trustee for their benefit, and if the person named as mortgagee really has fiduciary duties laid upon him, he is a necessary party to the foreclosure of the lien. (*Swenney v. Hill,* 65 Kan. 826, 70 Pac. 868.) The practice is common of securing a series of negotiable bonds by a mortgage to a

trustee, who acts for all the holders. (Notes, 16 L. R. A., n. s., 1006; 35 L. R. A., n. s., 196.) To determine the relations of the parties in the present case the exact language of the mortgage must be considered. The following are the material portions of it:

"This Indenture Made this 1st Day of February in the year of our Lord, nineteen hundred and twelve, by and between Henry M. Williams and Sarah Williams, Husband and Wife,, of the County of Greenwood and State of Kansas, parties of the first part, and The Merriam Mortgage Company, party of the second part:

"Witnesseth, That the said parties of the first part, in consideration of the sum of Two Hundred Ninety Eight and no/100 Dollars, to them in hand paid, the receipt whereof is hereby acknowledged, do by these presents grant, bargain, sell, convey and warrant unto the said party of the second part, its successors and assigns, all of the following-described real estate [describing it].

"To Have and to Hold the Same, Together with all and singular the tenements, hereditaments and appurtenances thereto belonging, or in any-wise appertaining, forever, free and clear of all incumbrance except a mortgage of even date herewith of $1400 maturing February 1st, 1919.

"Provided, Always, And these presents are upon this express condition, that whereas said parties of the first part have this day executed and delivered fourteen certain promissory notes in writing to said party of the second part, for the sum of $7.00 each, due on the first days of February and August in each year for seven consecutive years, and one .Note of $200 to Charles E. Moore due Feb. 1st, 1913, with interest at ten per cent. per annum after maturity until payment, both principal and interest payable at the office of the Merriam Mortgage Co., Topeka, Kansas, and it is distinctly understood and agreed that the notes secured by this mortgage are given for and in consideration of the services of the Merriam Mortgage Company in securing a loan for said parties of the first part, which loan is secured by the mortgage hereinbefore referred to and excepted, and the said notes do not represent any portion of the interest on said loan and are to be paid, regardless of whether said loan is paid wholly or partly before its maturity.

"Now, If said parties of the first part shall. pay or cause to be paid to said party of the second part, its successors or assigns, said sum of money in the above described notes mentioned, together with the interest thereon, according to the terms and tenor of the same, then these presents shall be wholly discharged and void; and otherwise shall remain in full force and effect. But if said sum or sums of money, or any part thereof, or any interest thereon, or interest or principal of any prior mortgage, is not paid, when the same is due, or if the taxes and assessments of every nature which, are or may be assessed and levied against said premises, or any part thereof, are not paid when the same are by law made due and payable, then the whole of said sum or sums, and interest thereon,

shall, by these presents, become due and, payable at the option of said party of the second part, and said party of the second part shall be entitled to the possession of said premises. In case of foreclosure, said property may be sold with or without appraisement, and with or without receiver, as the legal holder hereof may elect; and said legal holder may recover interest at the rate of ten per cent. per annum from the time of such default in the payment of interest, or in any of the conditions of this contract. Said party of the second part may, at its option, make any payments necessary to remove any outstanding title, lien or incumbrance on said premises other than herein stated, and sums so paid shall become a part of the principal debt and shall become a lien upon this real estate and be secured by this mortgage, and may be recovered with interest at the rate of ten per cent. per annum in any suit for foreclosure."

It is to be noted that the mortgage company is alone named as mortgagee; it alone is given the option of declaring the whole indebtedness due in case of any default, and the option of paying off any other incumbrance and adding it to the mortgage lien. The condition of the mortgage is expressed to be the payment to the second party, that is to the company, of the sum mentioned in the notes. The contract executed by the parties on its face makes the mortgage company the holder of a lien for the benefit of itself and of Moore, with power to take certain action for the protection of both. Some of the conventional provisions of an ordinary mortgage, such as that the mortgagee shall be entitled to possession if default in payment occurs, are without effect, because the law does not allow them to be enforced. (*Beverly v. Barnitz,* 55 Kan. 466, 481, 42 Pac. 725.) But since it was competent for the parties to make the mortgagee a trustee for the other creditor, and the language of the instrument indicates a purpose to do so, we think that relationship must be regarded as established. In that situation, the trustee, having authority to enforce the mortgage, and to receive payment of the debt due to Moore, was the proper party to discharge the mortgage, and the release it executed is a protection to one purchasing in reliance thereon, although its duty to Moore was thereby violated because the note due to him had not been paid.

*Tweeddale v. Tweeddale,* 116 Wis. 517, is the only case to which our attention has been directed which bears closely upon the precise question involved. There a son, being indebted to his mother in the sum of $1350, gave to her a bond for its payment, secured by a mortgage on real estate. She

caused to be inserted in the bond a provision that if the land should be sold her son should at once pay $1200 to her, $50 to his sister, and $100 to his brother, these amounts being mere gifts from the mother, of which the beneficiaries had no knowledge. The son sold the land and paid his mother the balance due her, giving nothing however to his sister or brother. The mother signed a memorandum on the margin of the record of the mortgage to the effect that it was fully satisfied. The brother brought an action to foreclose his lien and was permitted to recover. The prinicipal controversy was whether the mother could revoke the gift to her children, inasmuch as it was made without consideration and without notice to them. The court, after a full discussion, held that the obligation of the mortgagor to his brother and sister was absolute, and could not be released by his mother. It also held that the buyer of the land, being charged by the record with notice of the claims of the brother and sister, was not an innocent purchaser and was not protected by the release. It seems clear that the mortgage contained no provision for the payment to the mother of the sums due to her children, and no suggestion appears to have been made that she might have been authorized to act as their trustee in the matter.

The judgment is affirmed.