## LITTLE v. KEATON. *
### No. 145.

Circuit Court of Appeals, Tenth Circuit.

Feb. 8, 1930.

*Rehearing denied April 8, 1930.

John T. Craig, of Pawhuska, Okl. (Frank T. McCoy, of Pawhuska, Okl., on the brief), for appellant.

Robert B. Keenan, of Tulsa, Okl., for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

This is an appeal from a decree awarding foreclosure of a mortgage in a suit brought on October 4, 1926, by the receiver of the First National Bank, of Barnsdall, Okl., against G. R. Little and H. R. Little, and later revived against Mary E. Little, executrix of G. R. Little's estate.

The first cause of action in the bill was for a recovery on G. R. Little's note for $17,857.50, and the foreclosure of a mortgage securing it on two lots in Barnsdall, Okl. The note was indorsed as being given with the mortgage as security for G. R. Little's obligation to the First National Bank, as provided in a contract of date November 12, 1924, executed by the Barnsdall National Bank, the First National Bank, G. R. Little, H. R. Little, John Javine, Jr., and T. E. Gibson.

The second cause of action was for a money judgment on that contract, less the credit by reason of the note and mortgage. The contract recites that the Barnsdall Bank was in a failing condition and sold three classes of assets to the First National Bank. The first class was called "bad assets" and G. R. Little and the other individuals agreed to pay them, if unpaid by the debtors in 60 days, and succeed to the ownership of those items.

The second class was of "doubtful assets," of which G. R. Little guaranteed the payment of four-sevenths and the other individuals one-seventh each, by June 30, 1924. These parties were to give acceptable security for their proportionate share which could not be collected and be relieved from liability, and to make a cash deposit. The third class of assets was accepted without individual liability of these parties. The First National Bank also agreed to buy the Barnsdall Bank property held in trust by H. R. Little for G. R. Little and others, assume a certain debt against the property, and pay the trustee $7,-770; and the trustee agreed to convey the property.

The plaintiff at the outset obtained the appointment of a receiver to collect and hold the rents on the mortgaged property, on the ground that it was not worth the mortgage debt. There were numerous other proceedings antedating the decree. We refer to those essential to present the questions raised in the appeal.

On January 4, 1927, the receiver suggested to the court the death of G. R. Little on October 9, 1926, and on his motion for a revivor of the suit against Mary E. Little, his executrix, it was revived, after notice to her and over her objection that the notice was "not entered, made, given, served and returned according to law"; and she excepted. Later she and H. R. Little moved to dismiss the bill for want of jurisdiction over them or the subject-matter of the suit and upon other grounds, and filed a plea in bar and motion to dismiss on the ground that after legal notice to creditors plaintiff's claim was not presented against the estate.

On March 29, 1927, a writ of scire facias was issued by the clerk of the court directed to the marshal of the district, requiring the executrix to show cause why the suit should not be revived against her within twenty days. The return to this writ shows service by Andrew Henderson, deputy marshal, on April 2, 1927, by delivery of a copy to *H. R. Little.* The executrix again appeared on April 18, 1927, specially for the purpose of the motion to quash the scire facias writ on the two grounds: (1) "That no proper foundation was laid for the issuance thereof," and (2) "that said writ was not executed, issued, served, returned and conditioned as required by law and is wholly insufficient to confer jurisdiction over this movant upon this court."

On May 9, 1927, various orders were made. The motion of the executrix to quash the scire facias writ was overruled, and the cause was again revived against her; and she excepted. The motion of H. R. Little to dismiss the first count of the bill as to him was sustained, and it was dismissed. His motion to dismiss the second count of the bill was overruled. The motion of the executrix to dismiss the bill and her plea in bar as to each count of the bill were overruled; and she excepted. Count 2 was stayed as to H. R. Little, pending his application for a discharge, and he was granted time to plead.

The executrix answered, without waiving her exceptions, interposing as defenses certain denials, the nonpresentation of plaintiff's claim against the estate, and the procurement of the note and mortgage without consideration and by duress. Later, she filed a plea in bar and motion to dismiss the second cause of action on the ground of nonpresentation of plaintiff's claim against the estate, and, after a hearing, that cause of action was dismissed, with prejudice as against her. On her subsequent confession, plaintiff's motion to strike the last paragraph of her answer was sustained.

On June 15, 1929, the executrix moved to discharge the receiver because of the nonpresentation of plaintiff's claim against the estate and his want of right to the funds in the receiver's hands. On the same day, she filed an amended answer, which, aside from formal denials and admissions, contained allegations: (3) That the contract was not presented against the G. R. Little estate and was barred, wherefore the note and mortgage being without consideration apart from the contract were also barred; (4) that the note and mortgage of G. R. Little had been obtained by misrepresentation; (5) and by threats and coercion; (6) that the First National Bank of Barnsdall sued G. R. Little et al. to recover upon the contract exhibited with the bill, the cause being numbered 8363 in the district court of Osage county, Okl., and the cause went to final judgment; that this suit is an attempted splitting of plaintiff's cause of action, and, because the note and mortgage were not pleaded therein, the judgment is res judicata of all matters pleaded in plaintiff's bill and plaintiff is estopped to maintain this suit; (7) that the contract was breached by the failure of the First National Bank to pay the cash consideration of $7,770 provided for in the contract.

On June 19, 1929, plaintiff moved to strike paragraphs 3, 4, 5, and 7, of the amended answer. Further proceedings oc-

curred at a hearing before the court. The contract, the probate proceedings, and the pleadings in said cause No. 8363 were admitted, as also the last paragraph of plaintiff's above motion, wherein he asserted that in the cause No. 8363 a motion of the defendants for a directed verdict, because the petition failed to state a cause of action, because the plaintiff endeavored to split his cause of action, and because of the insufficiency of his evidence, was overruled. It was further admitted that the judgment in that case was affirmed by a decision of the state Supreme Court (Barnsdall Nat. Bank v. Dykes) reported in 136 Okl. 226, 277 P. 219. Another admission of the defendant was that there was no dispute about the amount due on the note in suit. The plaintiff's motion to strike the paragraphs of the amended answer was sustained, and the executrix excepted.

On July 1, 1929, a formal decree was entered foreclosing the mortgage to satisfy a total debt on the note of $19,643.25. The court denied the motion to discharge the receiver, on the ground that the estate of G. R. Little was insolvent and the property was insufficient to satisfy the mortgage debt, and the receiver was directed to conserve all funds for application upon the debt, but ordered that any claim for deficiency after foreclosure was barred against the estate of G. R. Little.

The errors urged on the appeal are: (1) That the district court had no jurisdiction over the executrix as no scire facias was served upon her. (2) That the note and mortgage in suit were collateral security for a principal obligation, and, as it was barred for want of presentation against the estate, the security falls with it. (3) That the plaintiff split a single cause of action upon an indivisible contract and is estopped to maintain the suit by the judgment in a former suit upon the same contract. (4) That as the plaintiff failed to plead the contract and liability thereon, no cause of action was stated in the bill. (5) That as plaintiff's right to a deficiency judgment was barred by his failure to present a claim against the estate based on the note and mortgage, he has no right to the funds in the hands of the receiver, and they should be accounted for to the executrix of the estate. We pass on these assignments in their order.

1. After the brief of the executrix was filed in this court, appellee presented a motion to amend the return to the writ of scire facias, so as to show that actual service was made upon her. The motion was served by

copy. It was supported by the affidavit of the deputy marshal, Andrew Henderson, stating he served the writ on her, but through inadvertence and mistake his return showed service on H. R. Little. The executrix opposed the amendment, by the affidavits of herself, H. R. Little, and E. L. Branstetter. She denied service of the writ on her. H. R. Little stated the service was made on him. Branstetter stated some paper was, in his presence, served on H. R. Little, and, examining a diary he kept of "paint jobs," he found the service was about April 1, 1927.

We may assume that, since the enactment of section 778, tit. 28, U. S. Code (28 USCA § 778), a revivor is not authorized on a notice, but only on a scire facias writ issued by the clerk. Where there is dispute as to the fact of service of process, in a case under consideration, we regard it as the safer rule to credit the officer sworn to duty, in preference to individuals in interest and their associates. We therefore accept the showing of the deputy marshal in this case as to service of the writ in question. But there is another reason which impels us to the same result, and that is the motion to quash the writ was so general as not to invoke a ruling of the trial court or present an objection for review on appeal. Bankers' Surety Co. v. Town of Holly (C. C. A.) 219 F. 96.

An amendment of the return is authorized and it relates back to the date the service was made. Wade v. Wade, 92 Or. 642, 176 P. 192, 178 P. 799, 182 P. 136, 7 A. L. R. 1143; Fountain v. Detroit, M. & T. S. L. R. Co. (D. C.) 210 F. 982; Gagnon v. United States, 193 U. S. 451, 24 S. Ct. 510, 48 L. Ed. 745. Although the usual practice is to remand a case for an amendment to the trial court, the appellate court may appropriately allow it, where the subject-matter appears in the record. Norton v. Larney, 266 U. S. 511, 45 S. Ct. 145, 69 L. Ed. 413. The officer is allowed to amend his return as prayed in this case.

2. The question is raised whether the note and mortgage failed, because the contract debt of which they were a part was barred for nonpresentation against the estate of G. R. Little. This would be so, if the receiver were seeking merely a recovery on the note. The authorities cited upon that proposition are inapplicable, as the receiver is seeking only the foreclosure of a mortgage. Section 1234, Compiled Oklahoma Statutes, 1921, while providing that a debt not presented against an estate is barred, specially excepts mortgages and grants the right to

foreclose them on the property of decedents, but without allowing a deficiency claim against an estate. The section preserves the debt to the extent of the lien. This assignment of error is therefore not well taken.

■ 3. The supposed former adjudication is alleged to have occurred in the litigation wherein the receiver of the First National Bank sued the Barnsdall National Bank and the Littles upon the items listed as "bad assets" in their contract. 136 Okl. 226, 277 P. 219. The contention is that all of the demands enumerated in the contract might have been asserted, but the receiver split his single cause of action and exhausted his remedy.

■ It is settled law that in a second suit for the same demand all matters that might have been litigated in a prior suit are concluded, but, where a different demand is involved in the second suit, the estoppel applies only to matters actually adjudicated in the former suit. But concededly the suit in the court below was to recover upon a note and mortgage securing "doubtful assets," an entirely different class. There were separate undertakings and assumption of the two classes of obligations, differing in respect of the amounts, character, and extent of liability. There was no actual adjudication in the former suit upon the class here involved. The receiver was privileged to sue separately on one class of items without prejudice to suit on the other, and as fully as if the obligations were embraced in separate promissory notes. And the joinder of both classes was not required by the Oklahoma Code. Akin v. Bonfils, 67 Okl. 123, 169 P. 899; Gaddis v. Williams, 81 Okl. 289, 198 P. 483.

In deciding whether the contract had been breached by the First National Bank by the alleged nonpayment of the $7,770, the Supreme Court ruled the contract was not divisible, but this was meant in the sense that the payment was not separable from all the undertakings on the other side; in other words, the whole contract would fail if the payment was not made. The decision cannot be regarded as holding that once the contract was upheld there was no separate right of action by this suit on a security for a different class of assets.

We hold, therefore, there was no splitting of a single cause of action in the former suit and no adjudication therein that was a bar to the prosecution of this suit.

■ 4. The appellant complains it was fatal to the first count of the bill to omit pleading liability on the contract. We agree to the contention that the first count may not be aided by the second count. But in the former the note exhibited disclosed it was security for the contract, it was alleged that the amount of the note was due and owing, that the plaintiff was the owner and holder of it, and that he was entitled to sue upon it. These averments, although subject to a motion for a more definite statement, are regarded as a sufficient assertion of liability. It is said that, where demands are due upon a contingency, it must be alleged as having occurred. But the contingency in this case was alleged. Another and entirely sufficient reason for dispensing with a more specific allegation as well as proof of default upon the contract is that counsel for the appellee admitted at the hearing there was no dispute about the debt on the note. Oscanyan v. Winchester Arms Co., 103 U. S. 261, 26 L. Ed. 539.

■ 5. The last assignment is that the rents in the receiver's hands should not have been ordered to be applied on the mortgage debt. It is true, as claimed, the mere appointment of the receiver did not vest title in any one to the rents. But the condition of the mortgage had been breached and the court found the property was not worth the mortgage debt. In that situation, subdivision 2, section 518, Comp. Okl. Stat. 1921, authorized the appointment of a receiver, as follows: "In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."

The statute recognizes the mortgage as creating an equitable lien on the rents pending foreclosure. By general rule in such cases the rents are applicable on the unpaid mortgage debt. 41 C. J. 628. Appellant has no real grievance against this provision of the decree.

We hold the decree should be, and it is accordingly, affirmed.