RIVES, Trustee, v. MINCKS HOTEL CO. et al.

No. 25124. March 20, 1934.

Gibson, Maxey & Holleman, for plaintiff in error.

O. H. Searcy and Remington Rogers, for defendants in errror.

OSBORN, J. This is an appeal from the district court of Tulsa county, by Claude G. Rives, Jr., hereinafter referred to as intervener, against Mincks Hotel Company, Advance Operating Company, E. E. Chartier, I. S. Mincks, and Remington Rogers, hereinafter referred to as defendants, from an order of said court striking from the files an application of intervener to discharge a receiver.

This is an issue growing out of a controversy which involves the operation of the Mincks Hotel.

On March 16, 1932, Henry L. Fist and E. E. Chartier filed their third amended petition against the Mincks Hotel Company, I. S. Mincks, Remington Rogers, and the Advance Operating Company. It was alleged that plaintiffs were stockholders of the Mincks Hotel Company; that the sole property of said company was the Mincks Hotel. Plaintiffs charged mismanagement and fraud in the operation of the hotel, and charged that by reason of such mismanagement the corporation was in imminent danger of becoming insolvent. Plaintiffs alleged that a

certain lease made and entered into between the Mincks Hotel Company and the Advance Operating Company was null and void, and was executed as a part of a conspiracy on the part of the defendants to defraud plaintiffs and other stockholders. Plaintiffs prayed for the cancellation of said lease, for an accounting on behalf of the Mincks Hotel Company from I. S. Mincks, Remington Rogers, and the Advance Operating Company, and further prayed for the appointment of a receiver to take over and operate the business of the hotel.

On the 19th day of October, 1932, one J. R. Cole was appointed receiver of said company by the district court and executed his bond. On December 19, 1932, Claude Rives, Jr., was granted permission by the trial court to sue the receiver. On August 28, 1933, the said Rives filed a petition for leave to intervene in this cause of action as a party defendant. Therein he alleged that he was trustee of a certain mortgage indenture dated January 15, 1928, executed by the Mincks Hotel Company to secure a bond issue to the amount of $325,000. It was alleged that the company had defaulted in payment of interest on said bonds, which were a first and paramount lien upon the hotel building, the furniture, and fixtures therein, and under the terms of said indenture, after default of the terms and conditions therein, the trustee was entitled to possession of the property and entitled to collect and receive all rents, revenues, and proceeds therefrom.

On the same date Rives was given permission to intervene, and on August 30, 1933, filed a petition in intervention, wherein it was alleged that the Advance Operating Company, who was a tenant in possession of the furniture, fixtures, equipment and supplies incident to the operation of the hotel, delivered possession thereof to intervener on August 9, 1933; and that intervener was deprived of said possession by the appointment of J. R. Cole as receiver thereof, and alleges that the said Cole is not the receiver of said property and has no right to possession thereof. The prayer of the petition is for the restoration of possession of said property.

Said petition further states that intervener herein has filed an action of foreclosure in the district court of Tulsa county, numbered 55291, in which he seeks the foreclosure of the mortgage indenture, which action is still pending.

On September 11, 1933, the court sustained a motion to strike that portion of the petition seeking to vacate the appointment of the receiver, which is the order appealed from.

The burden of the intervener's contention is that he, as trustee, is entitled to possession of the hotel; that his right thereto is based upon the terms of the mortgage indenture which provide that upon default the mortgagee shall have a right to take possession of the premises, operate the hotel, and receive the profits therefrom to be applied upon the indebtedness.

The intervener alleges that he was in possession and was ousted from possession by the receiver appointed by the district court. In this connection, it is shown that the Advance Operating Company was the lessee of the property, and by agreement surrendered possession of the furniture, fixtures, and supplies to the intervener. Therefore, his possession was attained solely through the attornment of lessee to him and not through any act or agreement of the mortgagor. Section 10909, O. S. 1931, provides as follows:

"The attornment of a tenant to a stranger shall be void, and shall not affect the possession of his landlord, unless it be made with the consent of the landlord, or pursuant to a judgment at law, or the order or a decree of a court."

This statute is plain and unambiguous, and definitely settles the validity of any claim of the trustee arising by the attornment of the Advance Operating Company to him.

As we view it, whatever right the trustee may have to possession of the property, pending his foreclosure action, is dependent wholly upon the terms of the instrument. A copy of the mortgage indenture is not shown in the record, so that we are not advised of the exact language used in the instrument upon which a claim to possession is based, and are forced to rely upon the language used in the pleadings.

The exact issue has not heretofore been presented to this court, and an examination of the decisions of other states discloses that the issue is determinable to a great extent by the various statutory provisions relating to the estate conveyed by a real estate mortgage. The rule is well established that in this state a real estate mortgage is nothing more nor less than a lien upon the property subject to foreclosure by appropriate procedure. The right

to the possession of premises is dependent wholly upon the termination of a foreclosure action except as to the statutory and equitable powers relating to the appointment of a receiver.

Under our statutes, a contract of mortgage is a lien (sec. 10940, O. S. 1931), and transfers no title to property subject to the lien (10945, O. S. 1931), and all contracts for the forfeiture of property subject to the lien in satisfaction of the obligation secured thereby, and all contracts in restraint of the right of redemption from a lien, are void except in certain cases (sec. 10946, O. S. 1931). Section 9491, O. S. 1931, provides:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

This court has heretofore been called upon to pass upon a situation closely akin to that presented here. This relates to a contractual provision in the mortgage providing for the appointment of a receiver when suit is brought to foreclose the mortgage. In the case of Jacobs v. Real Estate Mortgage Trust Co., 122 Okla. 1, 249 P. 930, it is said:

"Subdivision 2 of section 518, C. O. S. 1921, defines the conditions under which a receiver may be appointed on application of mortgagees, when suit is brought to foreclose the mortgage. The rights of the mortgagee to have a receiver appointed cannot be given by a contractual provision in the mortgage. Such provision, though not expressly prohibited by the statute, is contrary to public policy in that the statute points out when such extraordinary remedy may be granted by a court of equity. An order appointing a receiver because of such contractual provision is without the power of the court and should be set aside on motion.

"A clause in a mortgage on real estate which assigns the lease on the same as further security for the payment of the mortgage indebtedness merely gives a lien on same. Unless such condition is shown to exist as that the indebtedness is probably insecure, a receiver to collect rent should not be appointed. Without such a clause, if it is made to appear that the property is probably insufficient to discharge the mortgage debt, a receiver will ordinarily be appointed and the rents conserved to make further secure the indebtedness. Such a clause creates no obligation on the courts to appoint a receiver. but its jurisdiction depends upon the provisions of the statute."

This case is followed by Exchange Trust Co. v. Oklahoma State Bank of Ada, 126 Okla. 193, 259 P. 589, and Western & Southern Life Ins. Co. v. Crook, 144 Okla. 105, 289 P. 728.

The following discussion by the Supreme Court of Kansas in the case of Hall v. Goldsworthy, 14 P. (2d) 659, is applicable to the issue presented here:

"It is an elementary rule of the law of property and contracts that competent parties may make any contract they choose with reference to the ownership, use, and possession of their property so long as such contract does not contravene legal prohibitions established by statute or the common law. The law of mortgages has passed through a long process of evolution until the instrument as we now have it has little or none of the attributes of the instrument as it was originally conceived. It is no longer a conveyance, and the mortgagee acquires no estate whatever in the property either before or after condition broken but acquires only a lien securing the indebtedness described in the instrument. Goodrich v. Com'rs of Atchison County, 47 Kan. 355, 27 P. 1006, 18 L. R. A. 113; Kelso v. Norton, 65 Kan. 778. 70 P. 896, 93 Am. St. Rep. 308. While we have a statutory form of mortgage (R. S. 67-303), this court has repeatedly held that no particular form of instrument is necessary to create the mortgage contract if it contains the necessary elements. The instrument may be in form an absolute conveyance, but if it is given for the security of a debt, it is nevertheless a mortgage and subject to the established rules of procedure for its enforcement. Hegwood v. Leeper, 100 Kan. 379, 164 P. 173; Lincoln State Bank v. Breazier, 122 Kan. 423, 251 P. 1080; State Reserve Bank v. Groves, 125 Kan. 661, 266 P. 42. The mortgagor is entitled to retain possession of the mortgaged property in the absence of a stipulation to the contrary. R. S. 67-301. This statute was adopted in 1868 and its evident purpose was to entirely eliminate the attributes of the common-law mortgage. The possession contemplated in this statute necessarily applies to the immediate possession and occupancy of the premises. It was not intended to authorize a contract for the possession of the premises upon any future contingency, such as default in payment or failure to pay taxes. Holden Land & Live Stock Co. v. Trading Co., 87 Kan. 221, 123 P. 733, L. R. A. 1915B, 492; Williams v. Schrock, 118 Kan. 347, 235 P. 111. In other words, if the mortgagee desires the possession of the premises, such possession must be obtained and voluntarily consented to by the mortgagor. It cannot rest upon the happening of some future event. It has been held that stipulations in the mortgage instrument for possession of the mortgaged property upon default is of no avail to the mortgagee. Cit-

izens Nat. Bank v. Williams, 100 Kan. 140, 163 P. 647. He cannot maintain an action in ejectment; but must on condition broken follow the statutory procedure for the foreclosure of mortgages. State Reserve Bank v. Groves, supra."

In the case of Capitol Building & Loan Association of Topeka v. Ross (Kan.) 7 P. (2d) 86, it is said:

"Any provision in a mortgage, or in the note which evidences the debt secured thereby, designed to abrogate, or have the maker waive, the right to the possession of the property, or to the rents, income, and profits therefrom, during the period of redemption, is void."

In the case of Long v. Devereux Co. (Mont.) 286 P. 402, it is said:

"The prevailing rule is that if a mortgagee desires to avail himself of the right to rents and profits pledged by a mortgage upon real estate without the right of immediate possession of the land, he must claim them by invoking the aid of a court of equity for the appointment of a receiver to take possession of the rents and profits. This right is conferred by sec. 9301, Revised Codes of 1921. Thus, in Grether v. Nick, 193 Wis. 503, 213 N. W. 304, 215 N. W. 571, 572, 55 A. L. R. 525. the court said: 'In jurisdictions where the mortgagor retains the legal title and right of possession, as here, it follows that the right to collect rents and profits remains in the mortgagor until he is deprived of possession in the manner provided by law, and this notwithstanding the fact that the mortgage may pledge the rents and profits. This must be true, unless the clause pledging rents and profits should be construed as sufficient to pass the legal title and right of possession to the mortgagee. This has never been held in any jurisdiction, and should not be, as it would afford an easy way of evading the policy of our statutes which makes a mortgage a mere lien upon land, leaving the legal title and right of possession in the mortgagor. It is plain in this jurisdiction that, under a mortgage pledging rents and profits, the benefit of such rents and profits does not inure to the mortgagee until possession has passed from the mortgagor. Under the principles established here, the mortgagor may not be deprived of possession except under circumstances discussed in the former opinion. In order to accomplish such dispossession the mortgagee must invoke the aid of a court of equity.' To the same effect are the following: Stamp v. Eckhardt, 204 Iowa, 541, 215 N. W. 609; Davenport v. Thompson, 206 Iowa, 746, 221 N. W. 347; First Trust Co. v. Beall (Iowa) 225 N. W. 943; Freedman's Savings Co. v. Shepherd, 127 U. S. 494, 8 S. Ct. 1250, 32 L. Ed. 163; Freeman v. Campbell, supra; Cowdery v. London & San Francisco Bank, 139 Cal. 298, 73 P. 196, 96 Am. St. Rep. 115;

In re Clark Realty Co. (C. C. A.) 234 Fed. 576; In re Israelson (D. C.) 230 F. 1000; Sullivan v. Rosson, 223 N. Y. 217, 119 N. E. 405, 4 A. L. R. 1400; Rhinelander v. Richards, 184 App. Div. 67, 171 N. Y. S. 436."

In the case of Western Loan & Bldg. Co. v. Mifflin (Wash.) 297 P. 743, it is said:

"Under the mortgage lien theory prevailing in our state and in many other states, it appears to be well-settled law that a mortgaging of real property gives no right to the mortgagee to have applied towards the payment of the mortgage debt the rents or income of the mortgaged property; this, manifestly, because the mortgage is nothing more than a lien upon the property to secure payment of the mortgage debt, and in no sense a conveyance entitling the mortgagee to possession or enjoyment of the property as owner. Sec. 804, Rem. Comp. Stat., reads:

"'A mortgage of real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law.' * * *

"In Norfor v. Busby, 19 Wash. 450, 53 P. 715, 716, the force and effect of section 804, Rem. Comp. Stat., above quoted, was drawn in question, wherein Judge Reavis, speaking for the court, said: 'The statute is also expressive of the public policy of the state vesting the right of the possession in the mortgagor absolutely until a decree and sale. A similar statute has long existed in the state of Oregon. Gen. Laws Or., 1845-64, p. 228, sec. 323. The force and effect of such legislation is fully discussed by the Supreme Court of the United States in the case of Teal v. Walker, 111 U. S. 242, 4 S. Ct. 420 (28 L. Ed. 415), the court said:. "This provision * * * gives effect to the view of the American courts of equity that a mortgage is mere security for a debt, and established absolutely the rule that the mortgagee is not entitled to the rents and profits until he gets possession under a decree of foreclosure; for if a mortgage is not a conveyance, and the mortgagee is not entitled to possession, his claim to the rents is without support."

In the case of State v. Superior Court (Wash.) 16 P. (2d) 831, it is said:

"Mortgage provision for appointment of receiver of rents and profits as matter of right held unenforceable, because constituting agreement to place mortgagee in possession before foreclosure, violating public policy making mortgage merely lien (Rem. Comp. Stat. secs. 741, 804)."

In the case of Orr v. Bennett, 135 Minn. 443. 161 N. W. 165, 4 A. L. R. 1396, it is said:

"The statute provides that a mortgagee of land is not entitled to possession without foreclosure. Gen. Stat. 1913, sec. 8077. This

means that the mortgagor has the right of possession, and the right to the rents and profits of the land incident to possession, during the statutory year allowed for redemption, and until the foreclosure is complete; and any stipulation in the mortgage, or contemporaneous with it, pledging the rents and profits of the mortgaged land to the payment of the mortgage debt, contravenes the policy of this statute, and is void. Cullen v. Minnesota Land & T. Co., 60 Minn, 6, 61 N. W. 818; Wolford v. Cook, 71 Minn. 77, 70 Am. St. Rep. 315, 73 N. W. 706. Nor could the act of the sheriff in making a sale of rents and profits, without warrant therefor, detract anything from the rights of the mortgagor. Hillebert v. Porter, 28 Minn. 496 11 N. W. 84."

An examination of the statutes discussed in the above citations reveals a marked similarity to our own statutes. In this jurisdiction, a mortgage on real estate conveys a lien only and legal title can ripen only by foreclosure. The title to the property remains in the mortgagor until such time as foreclosure proceedings are terminated and completed. Any provision of a mortgage contract which attempts to place the mortgagee in possession of the premises upon the future default of payment, or upon the failure to meet any of the conditions of the contract, is contrary to the public policy of this state.

An examination of intervener's petition shows that he relies solely upon the stipulation of his mortgage as to rents and possession, in his application to vacate the appointment of the receiver. A motion to strike is in the nature of a demurrer, and the trial court did not err in striking that portion of the petition seeking to vacate said appointment.

We are not passing on the right of the intervener to receive the rents, revenues, and profits from the operation of the hotel from the date the foreclosure action is filed until terminated, as that question is not now presented. Suffice it to say that the trial court is vested with jurisdiction over this action and the action of foreclosure, and the receiver heretofore appointed is operating under the order and direction of the trial court. We may safely assume that the court will order the proceeds derived from the operation of the hotel to be impounded and held by the receiver under the order of the court; that at the proper time the court will make proper orders for the distribution of the funds in accordance with the rights of the various parties. At this stage of the proceeding, it does not appear that the receivership in this action has resulted in substantial detriment or harm to the intervener, as any rights accruing to him under the mortgage indenture may be fully safeguarded and protected by the further orders of the trial court.

Having taken this view of the matter, it is unnecessary to consider the various other contentions advanced by the parties.

Judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and BUSBY, JJ., concur.