## ADVANCE OPERATING CO. et al. v. CHARTIER.

No. 24210.   March 20, 1934.

Remington Rogers and Gibson, Maxey & Holleman, for plaintiffs in error.

O. H. Searcy and E. M. Gallaher, for defendant in error.

OSBORN, J. This is an appeal by the Advance Operating Company from an order granting an injunction and appointing a receiver in an action pending in the district court of Tulsa county filed by Henry L. Fist and E. E. Chartier against Mincks Hotel Company, I. S. Mincks, Remington Rogers, and Advance Operating Company.

Said action was an action for the cancellation of a lease from the Mincks Hotel Company to the Advance Operating Company, for an accounting and the appointment of a receiver. On October 19, 1932, the district court made an order appointing a receiver for the property of the Mincks Hotel Company and enjoined and restrained I. S. Mincks, Remington Rogers, and the Advance Operating Company from interfering in any manner with the receiver in his possession and control of the property and assets of said company. Thereafter in the same action, a receiver was appointed for the Advance Operating Company. A motion was filed to vacate the injunction and appointment of the receiver as to the

Advance Operating Company which was denied, and from this order the appeal is lodged.

It appears that prior to the appointment of the receiver, the Advance Operating Company, under a lease from the Mincks Hotel Company, was in charge of the property and operated the hotel. It claims ownership of the furniture and fixtures. After the appointment of the receiver, a bond was executed, the appellants herein gave notice of appeal and remained in possession of the property under the bond.

Thereafter, and on August 8, 1933, by stipulation of the parties, a partial mandate was entered in this cause wherein the order of the trial court granting an injunction against the Advance Operating Company from interfering with the possession of the receiver was affirmed, but this court reserved jurisdiction over the balance of the appeal, which involved the appointment of the receiver for the Advance Operating Company. It was ordered by this court in said partial mandate that the receiver be immediately placed in possession of the property of the Mincks Hotel Company and of the furniture and fixtures and proceed to conduct said business as such receiver.

There is nothing involved in this action at the present time except the order of the trial court appointing a receiver for the Advance Operating Company.

In this connection, it is necessary to call attention to Claude G. Rives, Jr., Trustee, v. Mincks Hotel Co. et al., this day decided, 167 Okla. 500, 30 P. (2d) 911. Said decision is referred to only in so far as it affects the issue involved herein. In that case, the action of the trial court in refusing to vacate the appointment of a receiver for all the property, including the hotel building, furniture, and fixtures, was affirmed, and it was pointed out that the trial court was vested with jurisdiction over the entire property and all the parties interested, and was vested with authority and discretion to make and enter such orders as are necessary to protect all the interests of all the parties concerned.

In view of the partial dismissal of the appeal in this case, and the voluntary relinquishment of the property of the Advance Operating Company to the receiver, we find no just cause or reason for continuing the appointment of a receiver for the corporate rights of the Advance Operating Company. It may be also noted that said company filed a brief in this cause on January 30, 1933, and plaintiffs have not seen

fit to reply thereto. It appears that the authorities cited in the brief reasonably sustain the assignments of error, so that we are not required to search the record to find some theory upon which the judgment of the trial court may be sustained. City of Oklahoma City v. Blondin, 163 Okla. 276, 21 P. (2d) 1053.

That portion of the judgment of the trial court which grants an injunction against the interference of the Advance Operating Company with the possession and management of the property by the receiver, is affirmed, and that portion of the judgment and order of the trial court appointing a receiver for the corporate rights of the Advance Operating Company is reversed and the cause remanded, with directions to vacate the same.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and BUSBY, JJ., concur.