VIRGINIA BEACH FEDERAL SAV-
INGS AND LOAN ASSOCIATION,
Appellant,

v.

Frank E. WOOD and Beverly J. Wood
d/b/a Franklin Investments, Franklin
Development Co., and Franklin Wood-
works, Appellees.

VIRGINIA BEACH FEDERAL SAV-
INGS AND LOAN ASSOCIATION,
Appellant,

v.

Frank E. WOOD, Beverly J. Wood, and
the Unsecured Creditors Committee
("UCC"), Appellees.

Bankruptcy Nos. 87-C-364-E,
87-C-514-E.

United States District Court,
N.D. Oklahoma.

Feb. 18, 1988.

Thomas E. English, Douglas S. Tripp,
English, Jones & Faulkner, Tulsa, Okl., for
debtors.

Jonathan H. Alden, Hall, Estill, Hard-
wick, Gable, Collingsworth & Nelson, Tul-
sa, Okl., for the Creditors Committee.

Andrew R. Turner, Tony M. Davis, Deir-
dre O. Dexter (Conner & Winters, of coun-
sel), Tulsa, Okl., for Virginia Beach Federal
Sav. & Loan Ass'n.

ORDER

ELLISON, District Judge.

Now before the Court is the appeal of
Creditor Virginia Beach Federal Savings &
Loan Association ("VBF") of the Order of
the United States Bankruptcy Court for the
Northern District of Oklahoma dated
March 11, 1987, which found that VBF had
no interest in the rents from its collateral
after the filing of its Notice Under 11 U.S.
C. § 546 of Claim to Cash Collateral on
December 2, 1986.

The facts as stipulated to by the parties
are briefly as follows. On March 9, 1983,
debtors executed in favor of First City
Mortgage Company an installment note in
the principal amount of $1,500,000.00, se-
cured by a mortgage and security agree-
ment in certain properties, which was as-
signed to VBF. Both mortgage and as-

signment were duly filed. Debtors also executed in favor of First City Mortgage Company an assignment of their interest in leases covering the subject property, and this was assigned to VBF. Debtors defaulted on the loan, leaving an unpaid balance of approximately $1,500,000.00 including interest. VBF commenced a mortgage foreclosure action in Tulsa County and obtained a Journal Entry of Judgment and an order of foreclosure authorizing a Sheriff's Sale. No appointment of receiver was requested. The sale was set for September 2, 1986, but was stayed by the filing of the Petition in Bankruptcy Case No. 86–02242 in the Northern District of Oklahoma on September 2, 1986. VBF filed a proof of claim under 11 U.S.C. § 546(b) for over $1,700,000.00 on December 24, 1986, claiming rentals from the subject property.

Debtors and the Unsecured Creditors Committee objected to the Notice filed by VBF on the ground that Oklahoma law has held assignment of rent clauses void and unenforceable, and VBF does not have the present interest in the rents which is required to make a claim to "cash collateral" in the bankrupt estate.

At a hearing on February 10, 1987, United States Bankruptcy Judge James Ryan denied VBF's notice and claim, saying the assignment of rent clause was void, and thus VBF did not have a vested interest in the rents. He also determined the VBF would not have had that vested interest even if a receiver had been appointed until after it issued execution against that receiver following confirmation of the Sheriff's Sale which was stayed. VBF now appeals that ruling.

Having reviewed carefully the pleadings in this case, the transcript of the February 10, 1987 hearing, and the applicable law, the Court makes the following findings.

In *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), the Supreme Court held that a mortgagee's rights to rents collected is to be determined by reference to state law. The Court also stated:

[T]he federal bankruptcy court should take whatever steps are necessary to ensure that the mortgagee is afforded in federal bankruptcy court the same ·protection he would have under state law if no bankruptcy had ensued. For while it is argued that bankruptcy may impair or delay the mortgagee's exercise of his right to foreclosure, and thus his acquisition of a security interest in rents according to the law of many states, a bankruptcy judge familiar with local practice should be able to avoid this potential loss by sequestering rents or authorizing immediate state law foreclosures. Even though a federal judge may temporarily delay entry of such an order, the loss of rents to the mortgagee normally should be no greater than if he had been proceeding in a state court: for if there is a reason that persuades a federal judge to delay, presumably the same reason would also persuade a state judge to withhold foreclosure temporarily.

*Id.* at 56–57, 99 S.Ct. at 918–19, 59 L.Ed.2d at 142–43.

■ Under *Butner* this Court must look at Oklahoma State law to determine VBF's right to the rents referred to in this appeal. It is clear that Oklahoma law has held assignment of rent clauses void and unenforceable as being contrary to public policy. *Tiger v. Sellers*, 145 F.2d 920, 923 (10th Cir.1944), citing *Hart v. Bingham*, 171 Okl. 429, 43 P.2d 447, 449 (1935). This Court finds that the Bankruptcy Judge was correct in ruling that VBF did not have a vested interest in the rents based on the assignment of rents clause involved here.

Oklahoma law has also recognized that upon appointment of a receiver or upon taking possession of real property, a mortgagee can recover rents accruing on that property and apply them to the mortgage debt. *Bingham, supra,* 43 P.2d at 451. Pursuant to 12 O.S. § 1551 (1981) a receiver may be appointed:

[i]n an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and

that the property is probably insufficient to discharge the mortgage debt.

*See also Little v. Keaton,* 38 F.2d 457, 461 (10th Cir.1930).

Oklahoma is a lien theory state and thus a mortgagor remains the legal owner of mortgaged property and has the right to possession and to receive profits. *Rives v. Mincks Hotel Co.,* 167 Okl. 500, 30 P.2d 911 (1934). A mortgagee's right to such profits has been found to follow a foreclosure action granting ownership or the appointment of a receiver to collect the rents. *Id.* 30 P.2d at 915. A provision in a mortgage which assigns rents creates a lien thereon. *Id.* 30 P.2d at 915.

By assigning its interest in the leases, a debtor subordinates all of its rent claims to the lien of the mortgage and gives the mortgagee a prior lien as to all rent that is legally reachable for collection by a receiver. *Phoenix Mutual Life Ins. Co. v. Harden,* 596 P.2d 888, 891 (Okla.1979) (Opala, J., concurring).

■ Section 546(b) of 11 U.S.C.S. provides that the rights and powers of the bankruptcy trustee are subject to any law that allows perfection of an interest in property to be effective against an entity that acquired rights to the property before the date of the perfection. If the law requires seizure of the property or an action to accomplish the perfection, and the property has not been seized or the action has not been commenced before the date petition is filed, the property interest is to be perfected by notice within the time allowed for seizure or commencement of suit.

The Court finds that the Bankruptcy Judge erred in finding that VBF''s notice and claim gave it no right to the rents in this case. The Bankruptcy Judge admitted the appraisers' report on the property valuing it at $1,200,000.00 at the February 10, 1987 hearing, when he responded "it will be considered for what it's worth", following an objection to its admission. Because the value of the property was insufficient to discharge the mortgage debt of $1,765,-366.98, VBF was entitled to the appointment of a receiver under 12 O.S. § 1551 (1981). Under Oklahoma law, which is applicable as stated in the *Butner* case, *supra,* VBF had the right to the protection of a receiver who would collect rents and hold them for VBF. Had no bankruptcy been filed on September 2, 1986, the Sheriff's Sale that day would in all likelihood have led to the purchase of the property by VBF.

VBF immediately instituted a foreclosure action upon debtor's default on its mortgage payments and had the right to request a receiver during the pendency of that action. It chose not to do so because the Sheriff's Sale was set quickly and VBF felt it did not need additional protection and did not want to incur the additional expenses of a receivership. The protection *was* available, however, and to deny VBF protection of rights it clearly had available as mortgagee at this point would be patently unfair. VBF's losses if it is denied the rents would be substantially greater than if the Sheriff's Sale had been held or a receiver appointed and no bankruptcy was filed.

The Court determines that, while VBF did not have a vested interest in the rents here, the holding in *Butner, supra,* that the Bankruptcy Court is to take whatever steps are necessary to provide the mortgagee in federal court the same protection he would receive under state law if no bankruptcy ensues, requires the Court to preserve the rents for VBF to be applied to the mortgage debt. VBF's Notice Under § 546(b) must be seen as perfecting its pre-petition right to the rents from the filing of the notice forward, as VBF would have been entitled to those rents under Oklahoma law if no bankruptcy had ensued. Section 546(b) of 11 U.S.C. protects just such an interest as this which must be enforced by seizure, through possession, or by appointment of a receiver. The only possible option available to VBF to protect its right to rents was the filing of the § 546(b) notice.

The Court finds that once VBF established its right to the rents by Notice Under § 546(b), it had priority in those rents over the rights of an intervening bona fide purchaser or judicial lien creditor, as its lien is prior in time. Having taken pre-peti-

tion action to perfect its lien, it is only just that VBF be allowed to finish its action to secure a complete lien which dates back to a date before the bankruptcy was filed, when the Court ordered foreclosure of the mortgage and authorized a Sheriff's Sale.

For the foregoing reasons, the Court rules that the Bankruptcy Judge erred in finding that VBF had no right to the rents from its collateral after the filing of its Notice Under 11 U.S.C. § 546. The Court determines that VBF has the right to such rents as cash collateral under 11 U.S.C. § 363 from and after the date of the filing of the § 546(b) Notice and debtors are prohibited from using such rents without providing protection to VBF.