## HAYS DRILLING CO. et al. v. SARTAIN.

No. 14670—Opinion Filed April 7, 1925.

(Syllabus.)

1. **Frauds, Statute Of—Action on Executed Contract—Repudiation in Part by Plaintiff not Permissible.**

Where plaintiff pleads an express contract and full execution thereof on his part, as the basis of his right of recovery, he cannot repudiate that part of the contract which the defendant was to perform and recover otherwise than as the contract provided, on the ground that the said contract was violative of the statute of frauds, if the defendant tendered performance under its terms.

2. **Oil and Gas—Development of Leasehold—Lien for Labor—Effect of Contract.**

He who as a laborer, under an agreement with the owner of a leasehold for oil and gas purposes, hauls with his team what is commonly known as a string of tools, or the machinery and equipment for drilling an oil and gas well onto such leasehold, is entitled to a lien for the agreed amount, as a laborer, under the applicable provisions of the statute (sections 7464-7466, Comp. St. 1921); but his right to such lien is dependent upon the contract, and if the contract sued upon carried with it a provision for payment for such labor, or a part thereof, other than in money, the tender of that which the laborer was to receive in payment would preclude him from obtaining such lien for that amount.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by R. L. Sartain against the Hays Drilling Company and another. Judgment for plaintiff. and defendants bring error. Reversed.

Poe & Lundy, J. E. Curran, and R. E. Morgan, for plaintiffs in error.

Wellington L. Merwine, for defendant in error.

BRANSON, V. C. J. The defendant in error. R. L. Sartain, as plaintiff, secured a judgment in the district court of Okmulgee county, against the Hays Drilling Company, as defendant, for the sum of $1,495, and decreeing a first lien upon an oil and gas leasehold estate to satisfy the same. The judgment was predicated upon the plaintiff's allegation that he hauled what is commonly known as a string of drilling tools, or drilling equipment, for a certain point off the leasehold onto the leasehold for oil and gas purposes, and for which he had filed, and introduced herein, a lien statement. The Hays Drilling Company, in its separate answer, pleaded as a defense that no contract for the payment of a money consideration existed between it and the plaintiff as alleged, but that plaintiff orally agreed to do the work for stock in the Simpson Oil Corporation of the par value of $1,000, and that the defendant had tendered the stock to the plaintiff, and still continued to tender the same, but that the plaintiff refused to accept said stock. To this answer, the plaintiff in effect replied that if such contract was entered into, the said contract was in violation of the statute of frauds, and was not binding upon the plaintiff.

On trial to a jury, the plaintiff as a witness admitted that this was in oral agreement, but said that the oral agreement was not as alleged by the defendant, in that he was to receive the stock in compensation for the work done pro tanto.

At the close of the evidence, the court instructed the jury to return plaintiff a verdict for the full amount sued for. To reverse the judgment the plaintiff in error says that such instruction was error, and that the finding of the trial court that plaintiff had a lien upon the leasehold, was erroneous, first, in that plaintiff was entitled to no lien upon any leasehold; and second, that the evidence and judgment showed a lien was granted upon a leasehold toward developing which none of the labor was done.

The question of the statute of frauds, or section 5034, Comp. St. 1921, is directly involved.

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent. * * * Fourth. An agreement for the sale of goods, chattels, or things in action. at a price not less than fifty dollars, unless the buyer accept or receive part of such goods and chattels, or the evidences or some of them, of such things in action, or pay at the same time some part of the purchase money; but when a sale in made by auction, an entry by the auctioneer in his sale book, at the time of the sale, of the kind of property sold, the terms of sale, the price and the names of the purchaser and person on whose account the sale was made, is a sufficient memorandum."

It seems to have been the position of the plaintiff that he could sue on the alleged contract and recover thereon, and at the same time repudiate that part of the alleged contract which gave the right to the defendant to comply therewith by delivery of the stock.

There can be no question but that the alleged oral agreement was not clothed with the sanctity of an enforcible contract, and that the plaintiff at his option, without suffering peril, could either carry it out or disregard it. But the question here is, since the plaintiff has fully carried out his part of the contract, can he repudiate the same and require the defendant to respond to him otherwise than as is provided by the alleged contract itself, when he pleads the same as the basis for his recovery and lien? In other words, the plaintiff has fully performed his part of what he pleads was a contract, the defendant has tendered full compliance, as it pleads, therewith. The performance by the plaintiff was in the nature of services fully rendered, and benefits fully received by defendant, rather than money paid. We think the position of the plaintiff is, as a matter of law, the same as if he had paid to the defendant so much money for the stock, then decided to rue the bargain and bring suit for the recovery of the money, notwithstanding the fact that the defendant stood ready and. willing to deliver that for which the money had been paid to it. Whatever may be the apparent holdings from other courts, we think the principle is settled in the case of Schechinger v. Gault. 35 Okla. 416, 130 Pac. 315, 1914 Ann. Cas. 468. In that case the plaintiff sued the defendant to recover certain money advanced to the landowner on a contract falling within the statute of frauds, under which he agreed to purchase from the defendant a certain tract of land. The defendant was ready and willing to convey the land, but the plaintiff decided that he did not want it, but desired to recover the money paid. The court, speaking through Justice Williams, said in the syllabus:

"If a promisor or vendor is ready and willing to perform and carry out the sale of the land in accordance with his parol agreement, he cannot, as a rule. be compelled to give up or pay for the cosideration received on the sole ground that the agreement is invalid because of the statute of frauds. * * *"

This case is followed in the case of Weller v. Dusky, 51 Okla. 77, 151 Pac. 606. The same principle is announced in 25 R. C. L. sec. 368. See, also, annotations, 35 Ann. Cas. 1914 D, 468.

In other words, the plaintiff pleaded on contract with which the defendant says it has offered to comply. The plaintiff performed his part, but seeks to repudiate the part that the defendant was to perform and recover a judgment to the amount of the contract performed by himself. This, we think, cannot be done. The trial court should have submitted the 'questions of fact in dispute thereunder to the jury for its determination.

On the second question, to the effect that the plaintiff was not entitled to a lien, we are faced with the same condition as that presented in the case of Cleveland v. Hightower, 108 Okla. 84, 234 Pac. 614, being case No. 13924 on the docket of this court. The plaintiff was entitled to a lien in event he recovered a money judgment to the amount recovered for the hauling **onto** the leasehold and to a lien fixed only on the premises for the benefit of which the hauling was done.

Judgment reversed for new trial.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 27 C. J. p. 360 § 437 (1926 Anno). (2) 27 Cyc. p. 769 (1926 Anno.) p. 770.