## McEWEN MFG. CO. v. ANADARKO PRODUCER'S OIL & GAS CO. et al.

No. 15688—Opinion Filed Sept. 8, 1925.

Rehearing Denied Dec. 8, 1925.

**1. Liens—How Created.**

No rule is better settled than that liens can only be created by agreement, or by some fixed rule of law; and in either event the effect is the same. It is not one of the functions of courts to create them.

**2. Oil and Gas—Statutory Lien for Labor and Material Used in Development of Lease not Applicable to Gas Pipe Lines and Distributing System.**

Section 7464, C. S. 1921, contemplates the improvement of an oil or gas lease by furnishing labor, or material, used in digging, drilling, torpedoing, completing, operating, or repairing of any oil or gas well or for the construction or putting together machinery used for such purpose, and does not cover labor or material furnished and used,

applied to and performed in, constructing, repairing, and operating a gas pipe line and gas distributing system in and adjacent to a municipality.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Caddo County; Will Linn, Judge.

Action by McEwen Manufacturing Company against the Anadarko Producer's Gas & Oil Company, and G. M. Fuller, receiver. Judgment for defendants, and plaintiff brings error. Affirmed.

W. H. Starkweather, for plaintiff in error.

Morris, Johnson & Wilhite, for defendants in error.

Opinion by PINKHAM, C. In this case the plaintiff in error, plaintiff in the court below, brought this suit against the Anadarko Producer's Gas & Oil Company and G. M. Fuller, receiver, to foreclose a materialman's lien.

The trial court sustained the demurrer of defendants to that part of plaintiff's petition in so far as it sought to set up a lien on the property described in the lien statement and petition, to which order and ruling of the court the plaintiff excepted and gave notice of appeal to this court.

The one assignment of error presented and discussed is that the trial court erred in holding that the petition and lien statement were insufficient to entitle the plaintiff in error to a materialman's lien on the property involved and in sustaining a demurrer thereto.

The only question to be determined here is the sufficiency of plaintiff's petition, considered in connection with the lien statement attached thereto, to entitle it to a lien on the property described therein.

Counsel for plaintiff in error states in his brief that "this case is governed by section 7464, Comp. St. 1921." The statute cited, and upon which counsel for plaintiff relies, by virtue of which the lien is attempted to be attached in this case, reads in part as follows:

"Any person, corporation, or copartnership who shall, under contract express or implied, with the owner of any leasehold for oil and gas purposes or the owner of any gas pipe line or oil pipe line, or with the trustee or agent of such owner, perform labor or furnish material, machinery and oil well supplies, used in the digging, drilling, torpedoing, completing, operating or repairing of any oil or gas well, or who shall furnish any oil or gas well supplies, or perform any labor in constructing or putting together any of the machinery used in drilling torpedoing, operating, completing, or repairing of any gas well, shall have a lien upon the whole of such leasehold or oil pipe line, or gas pipe line, or lease for oil and gas purposes, the buildings, and appurtenances, and upon the material and supplies so furnished and upon the oil or gas well for which they were furnished, and upon all the other oil or gas wells, fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed. * * *"

The pertinent part of the statement of lien attached to the petition is as follows:

"Know All Men by These Presents: That McEwen Manufacturing Company, a corporation, existing under and by virtue of the laws of the state of Oklahoma, has a valid and subsisting claim against Anadarko Producer's Association and against any and all other persons having interest or estate in and to a certain gas pipe line system in the city of Anadarko, Caddo county, Okla., arising out of express and implied contract between said debtors and the above named claimant for the sum of $1,693.57, and interest thereon as provided by law, and an attorney fee of $250, due and owing for material, equipment, machinery, and supplies furnished and work done by said claimant to and for said debtor. and used, applied to, and performed in constructing, repairing, and operating a gas pipe line and gas distributing system in and adjacent to the city of Anadarko, above said, and transporting and gathering lines in connection with said distributing lines. * * *"

The petition recites the facts substantially as set out in the statement of lien and prays that the plaintiff have a first lien upon the pipe lines adjacent to the city of Anadarko, the distributing plant within the city of Anadarko, the tools, appliances of the gas system, and the franchise.

In 17 R. C. L. 597, it is said:

"No rule is better settled than that liens can only be created by agreement, or by some fixed rule of law; and in either case the effect is the same. It is not one of the functions of courts to create them."

The statute relied upon by the plaintiff, section 7464, supra, contemplates the improvement of an oil or gas lease by furnishing labor or material used in digging, drilling, torpedoing, operating, completing, or repairing of an oil or gas well, or for the construction or putting together machinery used for such purpose.

It was not, we think, intended by any of the provisions of that statute to cover labor

or material furnished for the purposes mentioned in plaintiff's petition and statement of lien. The clear meaning of the statute, as we view it, is that in order that one may have the lien, the material must be furnished, or labor performed, in "digging, drilling, torpedoing, completing, operating, or repairing" of an "oil or gas well, * * * or in constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing, or repairing of any gas well."

Both the petition and the statement of lien simply allege that the material was furnished for the purpose of constructing, repairing, and operating a gas plant, including the pipe line, etc., with no connection whatever with the "digging, drilling, torpedoing, operating, completing, or repairing of any oil or gas wells," nor with the "constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing, or repairing of any gas well."

This court, in the case of Cleveland v. Hightower, 108 Okla. 84, 234 Pac. 614, had occasion to construe section 7464, supra, with respect to the right of a laborer to a lien for hauling casing upon a leasehold. The syllabus reads as follows:

"He, who as a laborer under agreement with a subcontractor, hauls with his team casing from a point off a leasehold onto a leasehold for oil and gas purposes, which casing is to be used as a part of the machinery or equipment for drilling a well on such leasehold, is entitled to a lien for the agreed amount, as a laborer under the applicable provisions of the statute (sections 7464 and 7466, Comp. Stats. 1921)."

In the opinion it is said:

"Each lien case being dependent entirely upon the statute, it is not useful to discuss whether the statute is to be strictly or liberally construed. The intent of the Legislature, when ascertained, is controlling, and when such intent is in dispute, as in the instant case, the court cannot side-step the burden its duty imposes upon it to determine what the act of the Legislature means."

In Hays Drilling Co. v. Sartain, 108 Okla. 181, 235 Pac. 615, this court again construed section 7464, supra, and held that:

"The plaintiff was entitled to a lien in event he recovered a money judgment to the amount recovered for the hauling onto the leasehold and to a lien fixed only on the premises for the benefit of which the hauling was done."

It will be observed that these recent cases, while not arising upon the facts of the instant case, construe the statute in question as contemplating that the labor and material for which lien may be had must be applied in the improvement of the lease or in some manner connected with the operation of an oil and gas well.

Whatever remedy the plaintiff may have under the provisions of other statutes, by way of lien, it is clear, we think, it has no lien by virtue of the section of the statute invoked, and which we are called upon to construe in the instant case, to wit, section 7464, supra.

We conclude that the allegations of plaintiff's petition and its statement of lien were insufficient to bring it within the meaning of the provisions of section 7464, supra; that the defendants' demurrer was properly sustained; and the ruling and judgment of the trial court should be affirmed

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. pp. 312, 313, § 14; 17 R. C. L. p. 597; 3 R. C. L. Supp. p. 710, 4 R. C. L. Supp. p. 1142. (2) 27 Cyc. p. 771 (Anno).