INDO OIL CO. et al. v. BENNETT.

No. 33423. Nov. 1, 1949.

Rehearing Denied Dec. 27, 1949.

*213 P. 2d 546.*

John R. Miller and Roy T. Wildman, both of Sapulpa, for plaintiffs in error.

Everett S. Collins and W. A. Whittlesey, both of Sapulpa, for defendant in error.

JOHNSON, J. This action was instituted in the district court of Creek county, Okla., by J. W. Bennett against Indo Oil Company, a corporation, and C. H. Hartman as manager, part owner and president of the Indo Oil Company, a corporation, as defendants, to recover $286.35, balance due and interest on a verbal contract with said company as owner of an oil and gas

leasehold for pulling tubing, casing and rods out of two abandoned oil and gas wells and plugging them, and to foreclose a mechanic's lien thereon, costs, and $100 attorneys' fees for the lien foreclosure. A trial was had resulting in a judgment for plaintiff in the sum of $226.35 and $100 for attorneys' fees and foreclosure of the lien. Action against Hartman individually was dismissed by the trial court.

There are several assignments of error, but as stated in the brief of plaintiff in error, the real question here is: Does 42 O. S. A. §144 authorize a mechanic's lien on an oil and gas leasehold for labor performed, under verbal contract with owner, in pulling tubing, casing and rods from an abandoned oil or gas well, and plugging same?

Section 144, supra, provides:

"Any person, corporation or copartnership who shall, under contract, expressed or implied, with the owner of any leasehold for oil and gas purposes, or the owner of any gas pipe line or oil pipe line, or with the trustee or agent of such owner, perform labor or furnish material, machinery and oil well supplies used in the digging, drilling torpedoing, completing, operating or repairing of any oil or gas well, or who shall furnish any oil or gas well supplies, or perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing or repairing of any gas well, or perform any labor upon any oil well supplies, tools, and other articles used in digging, drilling, torpedoing, operating, completing or repairing any oil or gas well, shall have a lien upon the whole of such leasehold or oil pipe line, or gas pipe line, or lease for oil and gas purposes, the buildings and appurtenances, and upon the material and supplies so furnished, and upon any oil well supplies, tools, and other articles used in digging, drilling, torpedoing, operating, completing or repairing any oil or gas well, and upon the oil or gas wells for which they were furnished, and upon all the other oil or gas wells, fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed. Such lien shall be preferred to all other liens or incumbrances which may attach to or upon said leasehold for gas and oil purposes and upon any oil or gas pipe line, or such oil and gas wells and the material and machinery so furnished and the leasehold for oil and gas purposes and the fixtures and appliances thereon subsequent to the commencement of or the furnishing or putting up of any such machinery or supplies; and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found; and compliance with the provisions of this article shall constitute constructive notice of the lien claimant's lien to all purchasers and encumbrancers of said property or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor."

The rule of construction of our lien statutes has been well stated in Graham Oil & Gas Co. et al. v. Oil Well Supply Co. et al., 128 Okla. 201, 264 P. 591. There this court, in accord with the modern trend, in the opinion said:

"Even though it be conceded that in several other jurisdictions lien laws are given a strict construction, this is not the rule in this state, for this court has many times broadly applied the attachment of liens under this and other lien provisions of our law."

No case exactly in point has previously construed section 144, supra; however, in Haggard et al. v. Sunray Oil Co., 176 Okla. 81, 54 P. 2d 662, which involved a lien for labor in pulling casing and plugging an oil well, this court in, syllabus No. 2, said:

"*A lien may be obtained under section 7464 (as amended by Laws 1927, c. 42) and section 7466, C. O. S. 1921, for work and labor performed for removing casing from an oil well,* but where the work is done under a subcontract, such subcontractor can only obtain a lien from the same time and in the same manner and to the same

extent as the original contractor. And where there is no primary liability existing from the owner to the original contractor, there cannot, under said section, be a lien in favor of a subcontractor. Brenner Oil Co. v. Dickason-Goodman Lumber Co., 108 Okla. 257, 236 P. 44." (Emphasis ours.)

We are of the opinion, and so hold, that section 144 of 42 O. S. A. authorizes a mechanic's lien on an oil and gas leasehold for labor performed in pulling tubing, casing and rods from an abandoned oil well, and plugging same, where the labor was performed under a contract with the owner of the leasehold.

Affirmed.

### On Application for Rehearing.

In connection with the application as to rehearing, it is contended that in the opinion heretofore filed in this cause the court overlooked the fact that C. H. Hartman, as manager, part-owner and president of the Indo Oil Company, plaintiff in error, was made a party defendant in this action; that the trial court sustained a demurrer to the evidence as against the said defendant C. H. Hartman, plaintiff in error herein, who had filed a disclaimer and answer in which he disclaimed all interest in the leasehold estate and property on which the lien was sought to be foreclosed; that under O. S. A. Title 42, section 176, which provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

C. H. Hartman was entitled to an attorney's fee when the action was dismissed as to him. This contention is untenable.

We are of the opinion that this case is governed by the rule announced in Leasburge v. Horner, 110 Okla. 162, 236 P. 880, wherein in the syllabus it was said:

"Under section 7482, Comp. St. 1921 (42 O.S.A. 176) where a defendant, in an action to enforce a lien, by his answer disclaims any interest in the property on which the lien is sought to be enforced, he cannot recover an attorney's fee against the plaintiff."

Under this authority, the trial court was correct in disallowing an attorney's fee to C. H. Hartman, under the record in this case.

DAVISON, C. J., and CORN, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.