YOUNG v. J. A. YOUNG MACHINE & SUPPLY CO. et al.

No. 33903.   Nov. 28, 1950.

*224 P. 2d 971.*

McKnight & Edwards and Elam & Crowley, all of Enid, for plaintiff in error.

Harry C. Kirkendall, of Enid, for defendants in error.

JOHNSON, J. Original petition in this action was filed May 5, 1933, by Chester Young against J. A. Young, the father of plaintiff, seeking a judgment for the balance due on a promissory note executed on the 5th of November, 1930, by the defendant J. A. Young for the principal sum of $8,000. Payments were endorsed thereon in the sum of $3,700 and accruing interest in the sum of $292.91, leaving a balance of $4,300. The note provided for an attorneys' fee of 10 per cent in case of forced collection by an attorney.

On June 2, 1933, defendant J. A. Young filed an answer and cross-petition in which he denied every allegation except the execution of the note, asserting that at the time he was an aged man in very delicate health; that on account of his age, health and mental condition, he did not understand what he was doing when he signed the note; that at the time he had a complete offset and counterclaim to the claim of plaintiff; that if he had been in good health and had not been taken advantage of by his son, he would not have signed the note. That about 60 days before the note was executed, his son made a demand on him in writing that he pay him $200 per month and interest for alleged services rendered to him (defendant) by his son (plaintiff) for nine years preceding the demand; that his son lived with him during these nine years and was supposed to pay board and laundry, but did not; that the board and laundry amounted to more than the amount of the face value of the note; that he paid on the principal of said note $3,700 and $292.91 interest, but because of the depression he was unable to pay more. Defendant J. A. Young further stated that beginning January 1, 1921, the plaintiff boarded with defendant at his home during the period that plaintiff was charging said defendant $200 per month for his labor without his knowledge. In short, defendant set out various claimed offsets and counterclaims in the total sum of $8,141.34 and prayed for judgment accordingly. Thereafter,

on September 23, 1933, defendant filed an amended answer and cross-petition which was substantially the same as the first except he alleged that the amount of wages asserted as claimed by plaintiff from defendant was $125 per month, and prayed judgment against plaintiff for $8,625.95.

After the issues were thus formed, the plaintiff, on June 9, 1943, filed an application to make the J. A. Young Machine & Supply Company, a corporation, Beulah Ann Young and Lula Emeline Young party defendants. On the same date an order was entered granting the application and restraining the defendants from disposing of any property in the possession of said corporation. On June 18, 1943, plaintiff filed an amended petition against J. A. Young and J. A. Young Machine & Supply Company, a corporation, Beulah Ann Young and Lula Emeline Young, individually, and as executrices of the estate of J. A. Young, deceased (J. A. Young died in January, 1943), praying for the cancellation of a deed executed by J. A. Young wherein he conveyed property owned by him to the J. A. Young Machine & Supply Company, alleging that it was held in trust as security for the payment of the note due plaintiff, and also asked that defendants be enjoined from transferring the property involved. On April 20, 1945, the defendants filed an answer to this amended petition, to which plaintiff replied. Upon these issues the cause was tried before a jury on May 8, 1945; and, at the conclusion of all the evidence, plaintiff moved for a directed verdict, which motion was sustained, and the jury was instructed by the court to return a verdict for plaintiff for $4,300 less a credit of $50 on February 1, 1931, and $537.50 paid June 3, 1931, with interest at 8 per cent per annum from March 1, 1933, and an attorneys' fee of $371.50. The court entered judgment upon the verdict and continued the case as to the other questions raised by the pleadings.

On February 13, 1948, plaintiff filed an amendment to his amended petition, praying that the court establish an equitable lien upon the real estate which had been transferred by J. A. Young to the J. A. Young Machine & Supply Company, a corporation.

On May 28, 1948, after trial, the court adjudged that the evidence was insufficient to establish an equitable lien in favor of the plaintiff against the real property of J. A. Young, owned by him during his lifetime and subsequently transferred to the corporation. Motion for new trial was overruled and this appeal perfected.

The contention presented by plaintiff is that the trial court erred in refusing to impress the real estate transferred by J. A. Young to the J. A. Young Machine & Supply Company, a corporation, with an equitable lien.

The record discloses that at the time of the execution of the note sued upon J. A. Young was operating under the trade name of J. A. Young Machine & Supply Company, as sole owner; that several years after issues in the case had been formed by the pleadings, but before the hearings had and judgments rendered herein, J. A. Young organized and incorporated his business as the J. A. Young Machine & Supply Company, a corporation, and transferred by deed the real estate owned by him individually to the newly formed corporation.

To sustain his contention the plaintiff relies upon an instrument which was in evidence and reads:

"Exhibit 'C'

"Guaranty

"Whereas, J. A. Young is indebted to Chester Young, in the sum of Eight Thousand Three Hundred Forty-five & 05/100 Dollars, and

"Whereas, the said Chester Young has demanded a real estate mortgage on the property occupied by the J. A. Young Machine & Supply Company, as security for the payment of said indebtedness, and,

"Whereas, the said J. A. Young does not desire to execute the said mortgage for said purpose, and,

"Whereas, the said Chester Young, has waived his demand for said mortgage as security and agrees to take from the said J. A. Young his promissory note, without security, for said indebtedness under the following terms, agreements and conditions:

"That the said J. A. Young agrees with the said Chester Young that he will not at any time prior to the payment in full or maturity of the said promissory note this day executed in payment of the amount due the said Chester Young, will not make, execute or deliver any note or mortgage covering the real estate and buildings now owned by the said J. A. Young, and the J. A. Young Machine & Supply Company, in the City of Enid, Oklahoma, and will not permit any lien, judgment or assessment to become a lien on said property, inbonded, for more than thirty days.

"It is further agreed that should the said J. A. Young execute a mortgage covering this property, or permit a judgment lien to be filed against him for a term of thirty days or any legal charge or assessment to remain delinquent for thirty days, then it is agreed that the whole unpaid balance of the note herein executed in payment of the indebtedness to the said Chester Young may be declared matured and the whole amount become due and collectible, at the option of the said Chester Young. That a copy of the note given in settlement of the claim is hereto attached marked Exhibit 'A' and is made a part of this agreement.

"This agreement is specifically entered into in consideration of the said Chester Young waiving his demand for a real estate mortgage securing the said note given in payment of the indebtedness due the said Chester Young, and this agreement shall be binding upon the heirs, administrators and assigns of J. A. Young and the J. A. Young Machine & Supply Company.

"Dated this 5th day of November, 1930.

"J. A. Young"
"(Acknowledgment)

Plaintiff contends that he has an equitable lien upon the premises by reason of this instrument, and that said lien agreement was recognized by J. A. Young in a subsequent real estate mortgage given by him to Security Bank & Trust Company of Enid, Oklahoma, wherein it was said:

" . . .

"Provided, Always, and these presents are upon the express condition, that whereas, said J. A. Young has this day executed and delivered one certain promissory note in writing to said part . . . . of the second part, of which the following Note dated May 26, 1931 for the amount of $3,400 due in twelve months with interest from date at the rate of 8% payable each 30 days. This mortgage is given subject to a contract dated November 5, 1930 between J. A. Young and Chester Young which is subject to an unpaid balance of $6,500.00 payable $100 per month."

It is well established in this state that liens can only be created by agreement, or by some fixed law or ruling, and in either event the effect is the same. It is not one of the functions of the court to create them. McEwen Mfg. Co. v. Anadarko Producers' Gas & Oil Co. et al., 115 Okla. 127, 241 P. 493; 53 C. J. S., Liens, sec. 2. As to this principle of law, in National Cash Register Co. v. Stockyards Cash Market et al., 100 Okla. 150, 228 P. 778, it was said:

"Liens are property rights and ordinarily created by statute or by contract, and cannot be created by courts merely from a sense of justice in particular cases."

Unless there can be found in the instrument heretofore set out in full and designated as "guaranty," language which creates a lien by agreement, then there is no lien, equitable or otherwise. An intention to create a lien on property must clearly appear from the language of the instrument and the attendant circumstances, and strict proof of such intention is required. 53 C. J. S., Liens, sec. 4.

Where the instrument, as in this case, only provided that the unpaid balance of a certain unsecured promissory note may be declared matured and the whole amount due and collectible, at the option of the payee, if the maker executed any mortgage lien, or permitted any lien, judgment or assessment to become a legal charge for more than 30 days upon certain real property of maker, such instrument did not create a lien.

A careful examination of the instrument does not indicate an intention to create a lien, and there are no circumstances or evidentiary facts from which a lien may be implied. Therefore, plaintiff failed to establish an equitable lien.

The judgment is affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.