TAYLOR et al. v. B. B. & G. OIL CO. et al.

No. 34609.    Oct. 21, 1952.

*249 P. 2d 430.*

Elton B. Hunt and W. L. Eagleton, Tulsa, for plaintiffs in error.

H. M. Crowe, Jr., Tulsa, for defendants in error.

PER CURIAM. Inasmuch as both the petition of plaintiff Earl Taylor, as plaintiff and W. P. Phillips, Jr., as intervener are substantially the same, reference will be made hereinafter to them as plaintiffs and the parties will be referred to as they appeared in the lower court. The principal allegations of the petition being that the defendant B. B. & G. Oil Company was, at all times mentioned in the petition, the owner of a string of pipe or pipe line that extended from a point in Tulsa county to a point in Okmulgee county, and that it was necessary for the owner to remove, clean and cut into length and service the pipe before it could be used; that the B. B. & G. Oil Company, as owner, entered into a contract with Vel-Mar Oil, Inc., and another, to dig and remove the pipe from the ground and to fill up the ditch after the removal of the pipe; that the Vel-Mar Oil, Inc., and others were the principal contractors, and on the 9th day of May, 1949, entered into a contract with plaintiffs to dig up and remove the pipe above referred to out of the ground by the use of machines owned and operated by plaintiffs, for which they were to be paid for their services an amount as set out in the petition. The petition then alleging the manner and method of performing the work and the operation of the machines and of the removal of the pipe from the ground and the filling of the ditch from which the pipe had been removed; that all of the work and labor was necessary for the recovery of the pipe from the ground; that the pipe was of no use whatever and of no value to the owner until it had been removed from the ground. The petition further alleging the performance of the labor, the amount due, and that the plaintiffs had and claimed liens upon the pipe taken up and removed from the pipe line; that the same was the production of their labor and that they were justly entitled to liens by reason of the fact that they improved the pipe and made it of value by work and labor, moving and transporting as well as uncovering the pipe from where it was imbedded in the ground. The petition further alleging the filing of this suit, the service of summons upon defendants and the timely filing of lien statements in the office of the district court clerks and county clerks of Tulsa and Okmulgee counties, and prays for judgment for the amount sued for and that the sum so determined by the court to be declared a first and prior lien upon all of the pipe and material saved and produced out of the taking up of the pipeline and storing it in Tulsa and Okmulgee counties, and that the court order the pipe sold and the proceeds applied to the payment of the lien, and that plaintiffs have such other and additional reliefs as to the court may seem just and legal and proper.

The errors separately assigned by plaintiffs are that the court erred in sustaining the demurrers of defendant to the petition and entering judgment against the plaintiffs and in favor of the defendants and dismissing the actions.

In support of this appeal it is claimed by plaintiffs they were entitled to laborer's liens upon the pipe after it was removed from the ground under and by virtue of the provisions of Title 42, O.S.A. §§144 and 145, as construed by the case of Indo Oil Co. v. Bennett, 202 Okla. 300, 213 P. 2d 546.

From a reading of the petition it is apparent the facts alleged do not bring plaintiffs within the terms of the above sections of the statute, as the work and labor alleged to have been performed was not used in the "digging, drilling, torpedoing, completing, operating or repairing any oil, or gas well" or in the "construction or putting to-

gether any machinery used in drilling, torpedoing, operating, completing or repairing any oil or gas wells"; nor was the contract made with the owner of any leasehold estate for oil and gas purposes or the owner of any gas pipe line or oil pipe line, nor was the lien claimed upon a leasehold estate or the oil pipe line or gas pipe line, the buildings and appurtenances connected therewith, or upon the material and supplies so furnished. Indo Oil Co. v. Bennett, supra, does not enlarge upon the plain terms of the statute. The syllabus of that case reading:

"42 O.S.A. §144 authorizes a mechanic's lien for labor performed in pulling tubing, casing and rods from abandoned oil wells, and plugging same, where the labor is performed under a contract, express or implied, with the owner of the leasehold."

The lien being allowed in that case on the oil and gas lease for services rendered pursuant to a contract with the owner to pull casing from two abandoned oil wells. It was not that the casing was pulled that brought the Indo case within the terms of said section 144, but the fact that the contract was with the owner of the lease and the labor was performed upon an abandoned oil well, upon an existing leasehold estate.

Plaintiff's contention that said sections 144 and 145 created a lien in their favor under circumstances as alleged in their petition is refuted by the case of McEwen Mfg. Co. v. Anadarko Producers' Gas & Oil Co., 115 Okla. 127, 241 P. 493, in which case it was sought to establish a lien upon a gas distributing system not in any way connected with an oil or gas well or leasehold for oil and gas purposes. The court holding that in order to have a lien under said sections of the statute, the labor and materials for which the lien may be had must be applied in the improvement of the lease (oil or gas lease) or in some manner connected with the operation of an oil and gas well.

There is nothing in either of said sections of the statute, or in the case of Indo Oil Co. v. Bennett, supra, which sustain plaintiffs' contention that a lien can be based upon a contract with the owner of pipe to be removed from the ground from an abandoned pipe line, in the absence of a contract with the owner of the pipe line, where the labor performed was not, in the language of the statute, connected with or applied to the improvement of the oil and gas lease or connected with the operation of an oil or gas well.

The labor not having been so performed, the pipe removed from the ground was not the production of their labor. Haggard v. Sunray Oil Co., 176 Okla. 81, 54 P. 2d 662. In the Haggard case, supra, the work was performed upon an oil well but the contract was not with the owner. In the Indo case, supra, the contract was with the owner of the leasehold estate and the work and labor was performed upon oil and gas well thereon. Under the allegations of plaintiffs' petition it is apparent the contract was not with the owner of any leasehold for oil and gas purposes or the owner of any gas pipe line or oil pipe line. The labor was performed upon the pipe to be removed from the ground and not upon an oil or gas well as provided by the statute. The lien was claimed upon the pipe as personal property and not upon the pipe line right of way, or upon a leasehold for oil and gas purposes. The allegations were not sufficient to bring plaintiffs' claim within the terms of said sections 144 and 145, and the trial court was correct in holding plaintiffs were not entitled to liens upon the pipe.

It is contended by plaintiffs that this court is committed to a liberal interpretation of the lien laws of the state and that it recognizes that the laborer is worthy of his hire. This court is urged to go further and read into the general mechanic's and materialmen's lien law (42 O.S.A. §§141 and 143), and the oil and gas lien law (42 O.S.A. §§144 and 145), the provisions

of 42 O.S.A. §92 and/or §97, pertaining to liens upon personal property so as to give plaintiffs, as subcontractors, a lien upon "the production of their labor."

Plaintiffs, not claiming upon a lien upon real estate, are not within the terms of said sections 141 and 143. Plaintiffs did not perform labor upon an oil or gas well or oil or gas lease within the terms of said sections 144 and 145. Title 42, O.S.A. §92, reads:

"Laborer's lien on products of labor. — Laborers who perform work and labor for any person under a verbal or written contract, if unpaid for the same, shall have a lien on the production of their labor, for such work and labor; Provided, that such lien shall attach only while the title to the property remains in the original owner."

This section has been construed as applicable to improvements upon real estate. In Shefts Supply, Inc., v. Brady, 170 Okla. 590, 41 P. 2d 820, in construing said section 92, it was stated in the third syllabus:

"The lien granted to a laborer under section 11007, O.S. 1931 (section 7468, C.O.S. 1921), and under section 11011, O. S. 1931 (section 7472, C.O.S. 1921), takes precedence over prior recorded mortgages, but is enforceable only against the improvements which represent the production of the claimant's labor."

In Haggard v. Sunray Oil Co., 176 Okla. 81, 54 P. 2d 622, it was held oil well casing removed from an abandoned well would not be the "production of their labor" of laborers under the term of said section 92. The first paragraph of the syllabus by the court reading:

"A lien upon oil well casing for labor, etc., in pulling such casing from an abandoned well cannot be sustained under section 7432, C.O.S. 1921, unless the service be rendered to the owner thereof, and such a lien cannot be sustained under section 7468, C.O.S. 1921, where it appears the claimant is a subcontractor, and for the further reason that in such case the casing cannot be said to be 'the production of their labor.' "

Section 97 providing that the contract for the production, alteration, or repairing of any personal property "at the request of the owner of said property."

A similar statute, Title 42 O.S.A. §91, provides for a lien for those who, while lawfully in possession of personal property, render any service "to the owner thereof", was held in Haggard v. Sunray Oil Co., supra, not to create a lien in favor of a subcontractor.

Plaintiffs not alleging any facts which would bring them within any provisions of the lien laws of Oklahoma, this court has not the power to create a lien for them no matter how worthy their claim may be.

In Young v. J. A. Young Mach. & Supply Co., 203 Okla. 595, 224 P. 2d 971, the court, p. 597, Okla. Rep., at p. 973, of the P. Rep., says:

"It is well established in this state that liens can only be created by agreement, or by some fixed law or ruling, and in either event the effect is the same. It is not one of the functions of the court to create them. McEwen Mfg. Co. v. Anadarko Producers' Gas & Oil Co. et al., 115 Okla. 127, 241 P. 493; 53 C.J.S., Liens, §2. As to this principle of law, in National Cash Register Co. v. Stockyards Cash Market et al., 100 Okla. 150, 228 P. 778, 780, it was said: 'Liens are property rights and ordinarily created by statute or by contract, and cannot be created by courts merely from a sense of justice in particular cases.' "

See, also, 33 Am. Jur., Liens, p. 421 §6.

The judgment of the trial court in sustaining the demurrers and dismissing plaintiffs' petition and rendering judgment for the defendants was correct. Its action in this regard should be affirmed.

This court acknowledges the services of Attorneys E. P. Ledbetter, A. K. Little and Russell V. Johnson, who as Special Masters aided in the preparation of this opinion. These attorneys

292

were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

ARNOLD, C.J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur. BINGAMAN, J., dissents.