PHOENIX MUTUAL LIFE INSURANCE COMPANY, a corporation, Moramerica Mortgage Company, a corporation; and GSMI, Inc., a corporation, Appellants,

v.

Frances E. HARDEN, also known as Francis E. Harden, James D. Harden and David W. Harden, Trustees of the John J. Harden Trust, Frances E. Harden, James D. Harden, David W. Harden and John E. Harden, Individually as beneficiaries of the John J. Harden Trust, Phil E. Daugherty and Katherine Daugherty, husband and wife, if living, or if any of said persons be Deceased, then their unknown successors, Appellees.

No. 49817.

Supreme Court of Oklahoma.

June 19, 1979.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellants.

Ames, Daugherty, Black, Ashabranner, Rogers & Fowler, Oklahoma City, for appellees.

DOOLIN, Justice:

This appeal involves the question of the propriety of a claim by appellee landowners for a lien for ground rent in a foreclosure action on their own property.

Landowners owned the fee in certain undeveloped real estate in Oklahoma City. Glenbrook Centre, Inc. desired to develop the property into an office building. Landowners leased the property to Glenbrook and then joined with it in mortgaging the property to finance construction. The lease provided for monthly rental payments to landowners once the proposed construction was completed.

Construction was completed but problems developed. Little rent was paid and Glenbrook defaulted on its mortgages. One mortgagee, Phoenix Mutual Life Insurance Company, commenced foreclosure proceedings against Glenbrook and landowners, joining two junior mortgage holders and other lien claimants as defendants. Later a receiver was appointed to conserve and protect the mortgaged property. The receiver collected rents and paid the upkeep but did not pay the landowners any rent.[1] In the foreclosure action landowners cross-petitioned against mortgagees for back rent due. Trial court entered judgment in favor of mortgagees ordering foreclosure. It granted judgment and a lien to landowners for delinquent ground rent against Glenbrook, making mortgage subject to this lien

---

1. See *Hart v. Bingman,* 171 Okl. 429, 43 P.2d 447 (1935) which holds a receiver for realty covered by a mortgage being foreclosed is entitled to rents from such property from date of his appointment. Examination of the mortgage in the instant case shows it provided that the mortgagors pledged the rents and profits as additional security for the loan.

in favor of landowners. Mortgagees appeal.[2]

Mortgagees argue landowners have no right to a lien for past due ground rent either at law or in equity.[3] They point out that in event of a tenant's failure to pay rent, the proper remedy for a landlord is to obtain a judgment against the tenant for the unpaid rent. This judgment then could be basis for a *judgment* lien against lessee's property.

Landowners, on the other hand, point to no case law allowing such a lien for past due rent. They primarily argue they are sureties only and mortgagees have no right to pursue their property until other property pledged by Glenbrook is first applied to satisfy the debt.[4] Although evidence indicates landowners signed not in the capacity of sureties but as principal mortgagors this is not determinative of this appeal.

In order for mortgage to be subordinate to landowners claim, the latter would have to be a lien, first in time.[5] Although lien laws will be liberally construed, courts cannot create a lien neither provided for by law nor created by contract.[6] Intention to create a lien on property must clearly appear from the language of some instrument and attendant circumstances. Strict proof of intention is required.[7] Although an action in foreclosure is an equitable proceeding, the trial court may not impose a lien merely from a sense of justice in a particular case.[8]

Further landowners owned the mortgaged property. An owner cannot have a lien on his own property. Ownership and a lien are inconsistent interests as the lien merges into the greater estate.[9]

The trial court's order gave landowners a judgment for the past due rent. Assuming such judgment is a valid claim against Glenbrook's funds in the hands of the receiver, landowners held no lien on the subject property *prior* to this judgment. Generally no lien arises in favor of a landlord against real property by reason of the landlord tenant relationship.[10] Certainly such a lien does not arise against a mortgagee's interest.

We hold there was no lien in favor of landowners prior to the present judgment. Therefore trial court erred in holding mortgagees' judgment was subject to landowners' rent claim.

Owners have a valid claim for back rent from receiver under this judgment. This is the receiver's obligation, not mortgagees. We reverse only that portion of the order finding mortgagees' lien to be subordinate to landowners' lien for back rent. Any interest owners have in the subject property is junior to mortgage of appellants.

REVERSED IN PART AND REMANDED with directions to vacate that portion of the order finding landowners have a first lien on the subject property prior to that of appellants.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, SIMMS and HARGRAVE, JJ., concur.

OPALA, J., concurring specially.

OPALA, Justice, concurring specially:

The *entire net balance* of the receiver's funds stands, in my view, impressed with

---

2. This is a companion case to No. 50,806, *GSMI, Inc. v. Glenbrook Centre, Inc.* also decided this day.

3. 41 O.S.1973 Supp. § 41 et seq. provides for a landlord's lien on *personal property* only.

4. According to the limited record herein, the Court docket, there is no showing that landowners made application to marshal assets under 15 O.S.1971 § 384; 42 O.S.1971 § 17.

5. 42 O.S.1971 § 15.

6. *Taylor v. B. B. & G. Oil Co.,* 207 Okl. 288, 249 P.2d 430 (1952); 42 O.S.1971 § 6.

7. *Young v. Young Machine & Supply Co.,* 203 Okl. 595, 224 P.2d 971 (1950).

8. *National Cash Register Co. v. Stockyards Cash Market,* 100 Okl. 150, 228 P. 778 (1924).

9. See *Moser v. Pearce,* 124 Cal.App. 478, 12 P.2d 977 (1932).

10. See *Hay v. Patrick,* 79 F.2d 407 (3rd Cir. 1935).

the mortgage lien that is unquestionably superior to the claim of the owners for any ground rent accrued before, but uncollected until, the receiver's appointment.

By signing the mortgage instrument that pledged the rents and profits as additional security for Glenbrook's obligation, the owners did in fact and in law *subordinate all of their rent claims* to the lien of the mortgage. Their subordination gives Phoenix, *qua* mortgagee, a prior lien *as to all* rent legally reachable for collection by, and in the hands of, the receiver. *Rives v. Mincks Hotel Co.,* 167 Okl. 500, 30 P.2d 911, 914 [1934].

The record discloses no attempt was made below to require that the mortgagee resort first to the property of Glenbrook, the principal obligor, before reaching the land of the surety.

As far as I can divine, the owners invoked neither the suretyship marshaling principle [15 O.S. 1971 § 384] nor the "two-fund-doctrine" [24 O.S. 1971 § 4], also known as "lien marshaling" [42 O.S. 1971 § 17], to protect their surety status. The benefits which might have flowed from their unasserted status are hence beyond the reach of our corrective process on review.