The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: (1) Does a negative pledge constitute a mortgage, and (2) is such an agreement subject to the mortgage tax provided by Oklahoma law? Initially, it should be mentioned that a negative pledge is a form of agreement often entered into by a bank or other lending institution and a customer of such institution. When such agreement is utilized, it is normally entered into in conjunction with the making of a loan, or other arrangement for the advancement of funds, by the lender to the customer and usually relates to real estate owned by the customer. The typical agreement provides that the borrower agrees with the lender that, in consideration of the funds to be advanced, said borrower will not mortgage, pledge, sell, encumber or transfer certain described real property without prior notice to and/or consent of the lender. Therefore, by use of the term negative pledge herein, reference is made to a promise to forbear conveyance or encumbrance. With respect to the issue of whether such an agreement constitutes a mortgage, it should be noted that a mortgage is uniformly characterized in Oklahoma law as a lien in favor of the mortgagee securing the payment of a debt owing to such party. See Coursey v. Fairchild, Okl., 436 P.2d 35 (1967). A "lien" is defined by statute to be a "charge imposed upon specific property by which it is made security for the performance of an act." See 42 O.S. 1 [42-1] (1971). And attendant to any agreement creating a lien on real or personal property is the creation of a property right in the lien or mortgage holder empowering such holder to foreclose on the property and have the same applied in satisfaction of the debt or obligation owing upon the failure of the lienee or mortgagor to comply with the terms of the underlying contract. See Walden-Page Memorial Hospital, Inc. v. Founders, Inc., Okl., 418 P.2d 343
(1966) . As to what constitutes a lien, it is provided that an enforceable lien can arise only by agreement of the parties or by operation of law. See 42 O.S. 6 [42-6] (1971). Since a lien does not arise from a negative pledge by implication of law, whether such an arrangement can operate as a lien requires an examination of the terms thereof as set forth above. However, to determine whether an agreement creates a lien, strict proof of intention is required and an intent to create a lien must clearly appear from the language found in the agreement and the surrounding circumstances. See Phoenix Mut. Life Ins. Co. v. Harden, Okl., 596 P.2d 888 (1979). In light of the above, it is apparent that a negative pledge does not constitute a lien and, therefore, cannot be characterized as a mortgage. Indeed, the terms of the pledge do not expressly or impliedly manifest any intent to place an affirmative charge on, or create a proprietary interest in, the subject property in favor of the lender, but merely provide the lender with a promise from the borrower that the latter will refrain from mortgaging, pledging or otherwise alienating the property to a third party at least without the knowledge and/or consent of the lender. As such, the pledge, itself, does not give the lender a security interest in the property or the right to proceed against the same to satisfy the debt or obligation owing, but merely provides the lender with an assurance or covenant that the borrower will maintain title thereto free from encumbrance. In effect, the agreement is not for the creation of a lien on property; rather, the pledge is intended to assure a lender that the property will remain free of liens. This conclusion is supported by Young v. J. A. Young Machine Supply Co., 203 Okl. 595, 224 P.2d 971
(1950), wherein the Court addressed the issue of whether an agreement, substantially similar to the type involved herein, created an enforceable lien. In this case, a real estate mortgage on certain property was demanded of the debtor to secure a debt owed the creditor. In lieu of giving the mortgage, the debtor entered into an agreement with the creditor, part of which provided that the debtor, prior to payment of the debt, would not mortgage said property nor allow any lien to become affixed thereto. In holding that the agreement did not constitute a lien, the Court stated in pertinent part: "Unless there can be found in the instrument heretofore set out in full and designated as 'Guaranty,' language which creates a lien by agreement, then there is no lien, equitable or otherwise . . . . "Where the instrument, as in this case, only provided that the unpaid balance of a certain unsecured promissory note may be declared matured and the whole amount due and collectible, at the option of the payee, if the maker executed any mortgage lien, or permitted any lien, judgment or assessment to become a legal charge for more than thirty days upon certain real property of the maker, such instrument did not create a lien. "A careful examination of the instrument does not indicate an intention to create a lien, and there are no circumstances or evidentiary facts from which a lien may be implied." With regard to the issue of whether a negative pledge is subject to the real estate mortgage tax as provided for in 68 O.S. 1901 [68-1901] — 1910 [68-1910] (1971), 68 O.S. 1901 [68-1901] sets forth the scope of coverage of the tax by providing that "The words or term 'real estate mortgage' as used in this Article shall be understood to include every species of conveyance intended to secure the payment of money by lien upon real estate" (Emphasis added). However, since a negative pledge does not create, or otherwise operate as, a lien, it is apparent that such an agreement does not constitute a real estate mortgage as defined in 68 O.S. 1901 [68-1901] and is, therefore, not subject to mortgage taxation. As an additional note, it should be realized that what has been termed a negative pledge herein is sometimes accompanied by other agreements which taken together as a whole may, indeed, create a mortgage or other encumbrance on the property subject to the pledge. Whether a specific combination of agreements between a borrower or lender will constitute a mortgage or other lien if filed will, of course, depend upon the terms of the instrument and the intent of the parties. Accordingly, it is the official opinion of the Attorney General that your questions should be answered in the negative as follows: An agreement whereby one promises to forbear conveyance or encumbrance of property does not, in and of itself, create a lien or mortgage on such property or subject the promisee to the mortgage tax provided by Oklahoma law. (BRENT S. HAYNIE) (ksg)